Jenkins Unemployment Compensation Case.

Jenkins, Appellant, *v.* Unemployment Compensation Board of Review.

Argued April 24, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel Krimsly,* with him *Jesse P. Long, Joseph M. Loughran, Anthony Cavalcante* and *J. H. Prothero,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellee.

PER CURIAM, January 8, 1948:

At the argument on April 24, 1947, appellant attacked the reasonableness of a regulation of the Department of Labor and Industry relating to partial unemployment compensation under which he was denied benefits by the final decision of the board. Subsequently, and on May 14, 1947, the department amended the regulation, and therein expressly provided that the amendment should become effective immediately and, inter alia, "shall apply . . . to all claims filed prior to the date of enactment" [of the amendment]. Thereafter, on July 7, 1947, upon appellant's petition averring the amendment and its applicability to the pending appeal, the case was remanded to the board "for further hearing, consideration, and opinion, with leave to take as in a hearing de novo such additional testimony as may be offered, including but not limited to evidence relating to the purpose of and the need for the administrative rule of the Department of Labor and Industry drawn into question by the appeal, the facts and conditions which support its reasonableness and non-discriminatory character, and such other evidence as will enable this court to review and pass upon its validity as an exercise of delegated legislative power."

Pursuant to our mandate the board took testimony upon the reasonableness of the original and the amended regulation, and in its opinion of October 30, 1947, after fully reviewing the evidence and adequately stating the reasons for its recommendation, concluded: "We accordingly believe that the rule and regulation in question, as amended, is applicable to the present case and that on the basis thereof, the decision of the Unemployment Compensation Board of Review should be reversed by the Superior Court."

The power of the department to make and enforce regulations relating to unemployment compensation rests upon the provision: "It [the department] shall have power and authority to adopt, amend, and rescind

such rules and regulations, . . . and take such other action as it deems necessary or suitable. Such rules and regulations shall not be inconsistent with the provisions of this act, and shall be effective in the manner the department shall prescribe": Unemployment Compensation Law, §201, 43 PS §761. The exercise by an administrative agency of its rule-making function is however subject to various limitations arising out of the fact that the authority is a delegated legislative power, and one indispensable requirement is that the regulation shall be reasonable. 42 Am. Jur., "Public Administrative Law," §100. The question has now become academic and there is no occasion for reciting or discussing the terms of the original regulation, but because we entertained grave doubts of its reasonableness and non-discriminatory character, we readily granted appellant's petition and remanded the cause for further hearing. Both appellant and appellee are satisfied with the amended regulation; no question in respect to it has been presented to us; and we express no opinion concerning it.

The board carefully considered the power of the department to give retroactive effect to the amended regulation and, relying upon *Miller v. U. S.*, 294 U. S. 435, 55 S. Ct. 440, concluded that where the intention that an administrative regulation shall operate retrospectively unequivocally appears it will be construed to have that effect. This accords with the general rule relating to statutes. Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556. Aside from the meaning to be attached to the clause, "and shall be effective in the manner the department shall prescribe," supra, it is clear that the power to adopt administrative regulations includes power to give them retroactive effect, provided of course that they do not conflict with restrictions upon legislative power relating to retroactive laws, such as, for instance, the disturbance of vested rights, the impairment of contracts, and the principles

relating to due process and ex post facto laws. See 42 Am. Jur., loc. cit. supra, §101; 50 Am. Jur., "Statutes", §479. Tested by these standards the retroactivity feature of the amended regulation is free from valid objection.

The decision of the board dated September 24, 1946 is reversed, and the board is directed to allow appellant's claim for partial benefits filed for the week ending February 19, 1946.