Fazio Unemployment Compensation Case.

Fazio, Appellant, *v.* Unemployment Compensation Board of Review.

Submitted November 10, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Albert G. Liddell, Jr.*, for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, *William L. Hammond,* Special Deputy Attorney General, *Roland M. Morgan* and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1949:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review disallowing credit for claims for total unemployment filed during February and March, 1947. The case presents a narrow question of statutory construction. For ten years, January 1, 1937, to February 3, 1947, claimant was employed as general superintendent of the Braeburn Alloy Steel Corporation, at a salary of $12,000 a year. On February 3, 1947, the corporation released claimant, because of a change in management, and gave him a check in an amount equivalent to February and March salary, although it was not legally required to make the payment. Claimant registered for work and filed an application for unemployment compensation benefits on February 4, 1947. He filed a waiting week claim and compensable claims for the eight following weeks of total unemployment. The bureau denied compensation upon the ground that claimant was not "unemployed" prior to April 1, 1947, within the meaning of section 4 (s) of the Unemployment Compensation Law, as amended and relettered 4 (u) by the Act of May 29, 1945, P. L. 1145, § 1, 43 PS § 753 (u). On appeal the referee reversed the decision of the bureau, and upon further appeal the board of review reversed the decision of the referee. Section 4 (u), Act of May 29, 1945, P. L. 1145, 43 PS § 753 (u), provides as follows:

" 'Unemployment'—An individual shall be deemed unemployed with respect to any week during which he performs no services and with respect to which no remuneration is paid or payable to him, or with respect

to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate: Provided, That for the purposes of this sub-section, (i) vacation pay and similar payments, whether or not legally required to be paid, and (ii) wages in lieu of notice, separation allowances, dismissal wages and similar payments, which are legally required to be paid, shall be deemed, in accordance with rules and regulations of the department, remuneration paid or payable with respect to the week or weeks for which such payments are made."

Under the provisions of section 4 (u), an employe does not become unemployed with respect to any week unless each of two factors has been established: (1) That he has performed no services during the particular week, and (2) that no remuneration is paid or payable to him with respect to such week. The question in the present case is whether or not the check with the notation "salary for February and March," which claimant received, constituted "remuneration." Claimant contends that under the proviso in section 4 (u) the reference to "dismissal wages and similar payments, which are legally required to be paid," as constituting "remuneration" necessarily excludes from that category all dismissal payments voluntarily or gratuitously made.

If the subject of dismissal payments were not dealt with in any other section of the Unemployment Compensation Law, there might be some merit to claimant's argument, as "A principle frequently applied in interpreting statutes is that 'the mention of one thing implies the exclusion of another thing: expressio unius est exclusio alterius.' " *Fazio v. Pittsburgh Rys. Co.*, 321 Pa. 7, 11, 182 A. 696, 698. But section 4 (u) of the Unemployment Compensation Law, as amended and relettered 4 (x) by the Act of May 29, 1945, P. L. 1145, § 1, 43 PS § 753 (x), provides, in part, as follows: " 'Wages' means all remuneration for employment, (including the cash value of mediums of payment other than cash),

paid with respect to . . . services . . . except that the term 'wages' shall not include: . . . (4) Dismissal payments which the employer is not legally required to make."

We are obliged to conclude from the language used in the Act that, if the term "wages" is equivalent to the term "remuneration," less the various categories specified, then the term "remuneration" must be equivalent to the term "wages," together with the specified categories of payments. Consequently, a voluntary dismissal payment is "remuneration," and the employe who receives it does not become unemployed until the end of the period for which it was paid. Such a construction of the Unemployment Compensation Law is in accord with the well-recognized principle that effect must be given, if possible, to all the provisions of the statute. Act of May 28, 1937, P. L. 1019, § 51, 46 PS § 551; *Barclay White Co. v. Unemployment Compensation Board of Review*, 356 Pa. 43, 48, 50 A. 2d 336. Section 4 (u) defines the effect of dismissal payments made pursuant to legal obligation, whereas, section 4 (x) defines the effect of dismissal payments which the employer is not legally required to make. It may be said that the legislature, in framing the proviso in section 4 (u) made no specific reference to voluntary dismissal payments because this was covered by the specific provisions of section 4 (x). We therefore are of the opinion that claimant, having received remuneration for the months of February and March, 1947, was not entitled to benefits.

Furthermore, we think claimant's position is untenable under the declared purpose of the Unemployment Compensation Law. "Section 3 of Article I (Preliminary Provisions) of the Unemployment Compensation Law (Act of December 5, 1936, P. L. 1937, p. 2897 [43 PS § 752]), constitutes a Declaration of Public Policy with respect to the aims and purposes of the legislature in establishing a system of unemployment compensation. It is not a mere preamble to the statute, but a constituent

part of it and is to be considered in construing or interpreting it": *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 148 Pa. Superior Ct. 246, 247, 24 A. 2d 667.

The provisions in section 4 (u), (x) were obviously designed, inter alia, to prevent the payment of benefits during periods of idleness where the claimant has received money, the payment of which relates to the particular period of idleness. This purpose is in accord with the general purpose of the Unemployment Compensation Law, which is to alleviate the rigors of unemployment. *Baigis Unemployment Compensation Case (Glen Alden Coal Co. v. Unemployment Compensation Board of Review)*, 160 Pa. Superior Ct. 379, 383, 51 A. 2d 518. "The capital objective of the legislation is the alleviation of the distress of the individual worker, and this is accomplished by providing a fund out of which money benefits may be paid to eligible individuals": *Sturdevant Unemployment Compensation Case (Bliley Electric Co. v. Unemployment Compensation Board of Review)*, 158 Pa. Superior Ct. 548, 563, 45 A. 2d 898, 906. For the periods covered by his claims for unemployment compensation, claimant received from his employer $1,000 a month, less income tax deduction.

Decision is affirmed.