Hoenstine Unemployment Compensation Case.

.Argued March 8, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (HIRT and WOODSIDE, JJ., absent).

*Horace J. Culbertson,* for claimant, appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*William H. Wood,* with him *Charles E. Thomas, Hull, Leiby & Metzger, Mooney, Hahn, Loeser, Keough & Freedheim,* and *Samuel G. Wellman,* for employer, intervenor, appellee.

OPINION BY GUNTHER, J., July 13, 1954:

The employer, North American Refractories Co., closed its plant in Mt. Union, Pennsylvania, on June 25, 1952, because of the nationwide steel strike at that time. The factory remained closed until July 23, 1952. Appellant filed claims for unemployment compensation for the weeks he was out of work, and received compensation except for the two weeks ending July 2 and 9, 1952. The Bureau disallowed the claims for those two weeks, the referee reversed the Bureau, the Board of Review reversed the referee and disallowed the claims. Claimant has appealed.

The basis for the disallowance was that, on June 27, 1952, claimant received a check for accrued pay and also for two weeks vacation pay. There was in force at the time a contract between the employer and the union guaranteeing certain employes, including claimant, two weeks paid vacation, the employer reserving the right to allot vacation periods. The ques-

tion before this court is whether claimant's vacation pay was properly allocated by the Board to the weeks of July 2 and 9, 1952, when claimant was out of work due to the shutdown of the plant.

The claimant was held disqualified for benefits because of Section 4(u) of the Unemployment Compensation, Act, 43 PS 753, which provides, *inter alia,* "An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him . . ." If the claimant's vacation pay was correctly allocable to the two weeks following the actual payment thereof, he is clearly disqualified under the above quoted section of the Act.

Where the Board's decision is against the party upon whom rests the burden of proof, we must sustain the findings of fact and conclusions of law of the Board if they are consistent with each other and are supported by competent credible evidence. Moreover the evidence must be viewed in the light most favorable to the party in whose favor the Board has found. *Hanna Unemployment Compensation Case,* 172 Pa. Superior Ct. 417, 94 A. 2d 178. The evidence, in addition to that heretofore related, disclosed that the check received by claimant stated thereon "1952 Vacation Pay and Wages for period ending June 15, 1952." The contract with the union provided that "vacation pay to be given employe at the time the employe takes his vacation." Also, there was evidence that the union persuaded the employer to make vacation payments to all employes on July 3, 1952, and later had the payments advanced to June 27, 1952. From these facts the Board concluded that it was the intent of the parties that the vacation pay was for the two-week period following and not preceding the actual payment. The

evidence is sufficient to support the Board's findings and conclusions and we are constrained to affirm the decision.

The fact that the primary purpose of the shutdown was economic and not intended as a factory-wide vacation period is not controlling. The point is that the claimant accepted two weeks' vacation pay immediately preceding a period when he performed no work, and the union contract provided that such pay should be given an employe at the time of his vacation. Nor is there merit in claimant's contention that the employer should have specifically allocated the vacation period to the two weeks in question, in order to bring the situation in line with that in *Golubski Unemployment Compensation Case,* 171 Pa. Superior Ct. 634, 91 A. 2d 315, where employes who received vacation pay were denied benefits. The distinction is technical, for this claimant received and accepted vacation pay, and the contract clearly intended it to be paid in advance.

At the time in dispute there was in effect a regulation of the Department which stated that vacation pay given within sixteen days of the date of separation should be allocated to the weeks preceding payments. The Board concluded that this regulation was not controlling in view of the intent of the parties. This Court believes that there was sufficient competent evidence to sustain that conclusion and to hold the regulation inapplicable.

The basic purpose of the Unemployment Compensation Law is to provide compensation to an employe during periods of idleness not created by his own fault. The intent is to insure compensation when he is unable to gain remuneration, but not to create a fund for double payments. Section 4(u) of the Act has as its purpose the prevention of payment of benefits during periods of idleness where the claimant has re-

ceived money which relates thereto. *Fazio Unemployment Compensation Case,* 164 Pa. Superior Ct. 9, 63 A. 2d 489. This claimant received wages for the weeks he worked, two weeks vacation pay, and unemployment compensation for the remainder, for a total of fifty-two weeks. The purpose of the law would be subverted if claimant's position were upheld.

Decision affirmed.