## Santus Unemployment Compensation Case.

Argued November 10, 1954. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

*S. Harold Grossman,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

*Robert E. Harris,* with him *John C. Griffin,* for intervenor, appellee.

OPINION BY WRIGHT, J., January 14, 1955:

John P. Santus has appealed from a decision of the Unemployment Compensation Board of Review

denying benefits.[1] Santus was employed by the Fretz-Moon Tube Company in East Butler. The policy of the Company, agreed to by the employes, was to provide a vacation period from April 1 to June 30 of each year. Employes taking any portion of their vacation during that period collected their entire vacation pay at the time. Those employes who did not elect to take a vacation during said period received their entire vacation pay on the last pay day of June. Santus was entitled to three weeks vacation pay. On May 8, 1953, he requested and was granted a one week vacation. At that time he received the entire vacation pay to which he was entitled. On June 19, 1953, the Company paid vacation allowances to all employes who had not requested or taken a vacation prior to that date. On July 23, 1953, claimant and his fellow employes were laid off due to a lack of work. The Board of Review disallowed benefits for the week ending July 30, 1953, upon the basis of Regulation 108(b),[2] which provides that vacation pay shall be allocated to the first period of otherwise compensable unemployment occurring within ninety days following such payment.

Regulation 108(b) was adopted by the Department pursuant to the authority granted in Section 4(u) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §753(u). This section reads as follows: " 'Unemployed' —An individual shall be deemed unemployed (I) with

---

[1] This is a test case to determine the claims of Santus and one hundred thirty-six fellow employes similarly situated.

[2] "Vacation pay, or similar payments received by an individual prior to a period of unemployment shall be allocated to the first period of otherwise compensable unemployment within 90 days following such payment, whether or not claims for unemployment compensation are filed with respect to such period of unemployment".

respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him . . . Provided, That for the purposes of this subsection, (i) vacation pay and similar payments, whether or not legally required to be paid, and (ii) wages in lieu of notice, separation allowances, dismissal wages and similar payments, which are legally required to be paid, shall be deemed remuneration paid or payable *with respect to such period as shall be determined by rules and regulations of the department* (italics supplied)". Appellant contends first, that Section 4(u) is unconstitutional, and second, that Regulation 108(b) is unreasonable, arbitrary and discriminatory.

It is appellant's first position that Section 4(u) gives the Department "unlimited power" to allocate vacation pay without definite standards and limitations, and that it is therefore a delegation of the legislative function in contravention of Article II, Section I of the Constitution of Pennsylvania.[3] There is a presumption that the legislature does not intend to violate the Constitution,[4] and nothing but a clear infringement will justify the judiciary in nullifying a legislative enactment: *Loomis v. Philadelphia School District,* 376 Pa. 428, 103 A. 2d 769. And see *Evans v. West Norriton Township Municipal Authority,* 370 Pa. 150, 87 A. 2d 474; *Commonwealth v. Flickinger,* 165 Pa. Superior Ct. 95, 67 A. 2d 779. While the legislature cannot delegate the power to make a law, it may confer authority and discretion in connection with the

---

[3] "The legislative power of this Commonwealth shall be vested in a General Assembly which shall consist of a Senate and a House of Representatives".

[4] Statutory Construction Act of May 28, 1937, P. L. 1019, Section 52 (3), 46 PS §552.

execution of the law, that is, it may establish primary standards and impose upon others the duty of carrying out the declared legislative policy in accordance with the general provisions of the statute: *Belovsky v. Redevelopment Authority,* 357 Pa. 329, 54 A. 2d 277. And see *Weinstein Liquor License Case,* 159 Pa. Superior Ct. 437, 48 A. 2d 1.

The general purpose of the Unemployment Compensation Law as set forth in the declaration of public policy (43 PS 752) is to afford protection from economic insecurity due to involuntary unemployment without fault: *General Electric Co. v. Unemployment Compensation Board of Review,* 177 Pa. Superior Ct. 49, 110 A. 2d 258. And see *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429. Section 4(u) has as its special purpose the prevention of payment of benefits during periods of idleness where the claimant has received remuneration which relates thereto: *Hoenstine Unemployment Compensation Case,* 176 Pa. Superior Ct. 306, 106 A. 2d 639. To carry out these purposes, the legislature delegated to the Department the power to determine by appropriate rules and regulations the periods for which vacation pay shall be deemed remuneration. This delegation of the right to determine the facts to which the law should apply was in furtherance of the declared legislative policy. We have consistently upheld the Department's rule making power. See *Marchines v. Pa. Unemployment Compensation Board,* 148 Pa. Superior Ct. 1, 24 A. 2d 691; *Jenkins Unemployment Compensation Case,* 162 Pa. Superior Ct. 49, 56 A. 2d 686; *Flannick Unemployment Compensation Case,* 168 Pa. Superior Ct. 606, 82 A. 2d 671. The troublesome administrative problems which arise in great numbers require the existence of such authority, and the present question of allowance of vacation pay

is a typical example. It is our conclusion that Section 4(u) is not an unconstitutional delegation of the legislative power.

Nor are we in agreement with appellant's second contention. The fixing of a definite time limit to control any type of occurrence is to a certain extent arbitrary,[5] and discriminate as between those who do or do not come within such period. But it is not arbitrary in the sense of being capricious. Rather it falls within the category of reasonable and proper exercise of discretion. In the *Marchines* case, supra, we said: "Some inequalities generally result from the adoption of regulations of the character we are considering, but that does not necessarily mean the regulation is fatally defective". The regulation in the case at bar is uniform with respect to all employes eligible to receive vacation pay. The Unemployment Compensation Law was designed to protect an employe during periods of idleness without income. It was not intended to create a situation whereby he could receive both vacation pay and unemployment compensation for the same period. In *Fazio Unemployment Compensation Case,* 164 Pa. Superior Ct. 9, 63 A. 2d 489, claimant received a voluntary dismissal payment from his employer at the time he was laid off, equal to two months' salary. We upheld the Board's ruling that claimant could not be considered unemployed or eligible to receive benefits during the two-month period immediately following his lay-off. See also *Sopko Unemployment Compensation Case,* 168 Pa. Superior Ct. 625, 82 A. 2d 598; *Kern Unemployment Compensation Case,* 172 Pa. Superior Ct. 324, 94 A. 2d 82; *Hoenstine Unemployment Compensation Case,* supra, 176 Pa. Superior Ct. 306, 106 A. 2d 639.

[5] Compare provisions fixing the period during which benefits are to be paid, the time for taking an appeal, et cetera.

Appellant also complains that the wording of Regulation 108(b) was changed after he received his vacation pay, and that he would have been entitled to benefits under the Regulation in its prior form. But the amendment in question was made before the layoff, and was properly applicable thereto. As we said in *Jenkins Unemployment Compensation Case*, supra: ". . . it is clear that the power to adopt administrative regulations includes power to give them retroactive effect, provided of course, that they do not conflict with restrictions upon legislative power relating to retroactive laws, such as, for instance, the disturbance of vested rights, the impairment of contracts, and the principles relating to due process and ex post facto laws . . . Tested by these standards the retroactivity feature of the amended regulation is free from valid objection". Section 901 of the statute (43 PS §881) expressly provides that there shall be no vested right of any kind against amendment or repeal.

Decision affirmed.

Ross, J., dissents.