Schuster Unemployment Compensation Case.
Wheatland Tube Company, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 10, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Samuel A. Schreckengaust, Jr.,* with him *McNees, Wallace & Nurick,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., June 11, 1958:

The claimant, Harry C. Schuster, an employe of Wheatland Tube Company, worked until June 29, 1956, at which time the employer's plant shut down for an announced vacation period of one week, July 2, 1956 through July 8, 1956. For economic reasons, the claimant's department remained closed at the end of the vacation shutdown for an additional two weeks due to lack of work.

On June 29, 1956, claimant received three weeks vacation pay in the amount of $342.62, one week of which was specifically paid for the announced vacation shutdown period of July 2, 1956 through July 8, 1956.

Claimant filed his application for benefits on July 9, 1956, but the Bureau of Employment Security disapproved the claims for the weeks ending July 15 and July 22, 1956, because the "Claimant received three weeks vacation pay at the time of the plant shutdown."

Claimant appealed from the bureau's determination and the referee affirmed the decision of the bureau and denied the claims stating that claimant "must be disqualified from receiving unemployment compensation benefits because he was not totally unemployed during the period herein involved within the meaning of section 401 as defined in section 4(u) of the Law and Bureau Regulations 108".

Upon appeal, the Board of Review held that claimant was eligible for benefits and reversed the decision of the referee. The employer then appealed to this Court.

Section 4(u) of the Unemployment Compensation Law of 1937, as amended, 43 PS §753(u) provides as follows:

"An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs

no services for which remuneration is paid or payable to him . . . Provided, That for the purposes of this subsection, (i) vacation pay and similar payments, whether or not legally required to be paid . . . shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the department."

In *Hoenstine Unemployment Compensation Case,* 176 Pa. Superior Ct. 306, 309, 106 A. 2d 639 (1954), we said: "The basic purpose of the Unemployment Compensation Law is to provide compensation to an employe during periods of idleness not created by his own fault. The intent is to insure compensation when he is unable to gain remuneration, but *not to create a fund for double payments.* Section 4(u) of the Act has as its purpose the prevention of payment of benefits during periods of idleness where the claimant has received money which relates thereto. Fazio Unemployment Compensation Case, 164 Pa. Superior Ct. 9, 63 A. 2d 489. This claimant received wages for the weeks he worked, two weeks vacation pay, and unemployment compensation for the remainder, for a total of fifty-two weeks. The purpose of the law would be subverted if claimant's position were upheld." (Emphasis supplied)

We further said: "The fact that the primary purpose of the shutdown was economic and not intended as a factory-wide vacation period is not controlling. The point is that the claimant accepted two weeks' vacation pay immediately preceding a period when he performed no work, and the union contract provided that such pay should be given an employe at the time of his vacation. Nor is there merit in claimant's contention that the employer should have specifically allocated the vacation period to the two weeks in question . . ."

See also *Santus Unemployment Compensation Case,* 177 Pa. Superior Ct. 496, 110 A. 2d 874 (1955), wherein at page 501 we said: "The Unemployment Compensation Law was designed to protect an employe during periods of idleness without income. It was not intended to create a situation whereby he could receive both vacation pay and unemployment compensation for the same period." See also *Romig Unemployment Compensation Case,* 183 Pa. Superior Ct. 366, 132 A. 2d 721 (1957).

The facts here are not in dispute. The appeal concerns a matter of law. This case is governed by the above cited cases. When the intent of the legislature is clear, and the purpose of the unemployment compensation law is so manifestly subverted by the holding of the board, it is not necessary to look either to the collective bargaining agreement or to the regulations of the bureau to find the answer to the question before us. Neither the regulations of the bureau nor the provisions of the agreement can affect the law so clearly stated by the legislature and by this Court.

Decision of the Board is reversed.