### Commonwealth v. Fisher

*Jules Bell*, Assistant District Attorney, and *Bernard E. DiJoseph*, District Attorney, for Commonwealth.

*Francis T. Dennis*, for defendant.

HONEYMAN, J., March 31, 1960.—Defendant, Warren J. Fisher, was arrested, indicted and tried before a judge sitting without a jury upon the charge of possession and sale of obscene literature contrary to The Penal Code of June 24, 1939, P. L. 872, sec. 524, as amended by the Act of July 17, 1957, P. L. 972, sec. 1, 18 PS §4524. This forbids, among other things, the sale, distribution and possession with intent to sell of obscene literature and defines obscene literature as follows:

"Obscene literature consists of any writing, or printed matter, picture, image, drawing, figure, photograph or other pictorial representation, which is unrelated to science, art or scientific study, and taken as a whole is indecent, lewd, lascivious, and has the effect of inciting to lewdness or sexual crime."

At the close of Commonwealth's case the court sustained defendant's demurrer. The Commonwealth excepted to the demurrer, giving rise to the following constitutional questions:

(1) Whether such prohibition violated the freedoms of speech and press as incorporated into the liberty protected from State action by the due process clause of the fourteenth amendment; and

(2) Whether this criminal statute violated due process because of vagueness. This court held that obscenity is not protected by the freedoms of speech and of the press and that the statutory definition of obscenity was not unconstitutional because of vagueness. Thereupon this court remanded the case for a new trial. Within a week after such order by this court, the United States Supreme Court handed down the decision of Smith v. California, 361 U. S. 147 (1959). Defendant thereupon petitioned this court for reargument in order to submit the constitutional question decided in Smith v. California, supra.

The Smith case, supra, involved a Los Angeles city ordinance which was construed by the California courts as imposing "strict" or "absolute" criminal liability for the possession of indecent writings or pictures in any place of business where books are sold or kept for sale: People v. Smith, 161 Cal. App. 2d 860, 327 P. 2d 636 (1958). The Supreme Court held that the ordinance was unconstitutional, because it had absolutely no requirement of scienter. The court stated that by dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally protected matter.

Defendant's present constitutional objections are directed at that portion of the statute which states that:

"Whoever sells, . . . or has in his possession with intent to sell . . . any obscene literature . . . is guilty of a felony . . .": 18 PS §4524.

Defendant's position is that this statute does not require any scienter on the part of the seller as an element of the offense and is unconstitutional under the ruling of Smith v. California, 361 U. S. 147 (1959).

The statute is directed at one who sells or intends to sell obscene literature. A logical interpretation of

the statute is that in the language "sell" or "intent to sell" "any obscene literature" there is implicit the knowledge on the part of the seller that the material is obscene. A logical implication from the words of the statute is that the legislature required a showing of scienter on the part of the seller as one of the conditions of conviction under the statute.

The Superior Court in Baranovich v. Horwatt, 113 Pa. Superior Ct. 467, 471 (1934), set forth a rule of construction which will further support such a reading of the statute. They stated that: " 'A construction that invalidates an act must, under all circumstances, be rejected for one, supported by reason, which will not conflict with the Constitution; for a court is obliged to resolve every doubt in favor of the validity of legislation, and can never accept as correct a meaning which conflicts with the organic law if such a course can reasonably be avoided.' " (Cases cited.) So too in Santus Unemployment Compensation Case, 177 Pa. Superior Ct. 496 (1955), the court said that there is a presumption that the legislature did not intend to violate the Constitution and that the judiciary should nullify only for a clear infringement of the Constitution.

If the California court had interpreted the Los Angeles city ordinance as requiring scienter, the ordinance would not have qualified as permissible supplementary municipal legislation because of the existence of California Penal Code 311, a State-wide obscenity statute which requires scienter: Smith v. California, 361 U. S. 147, 149 fn. 3 (1959).

Since the court is of the opinion that the act does not violate the Constitution, the following order is issued:

And now March 31, 1960, for the reasons above stated, the demurrer is overruled and the case is herewith remanded for a new trial.