Franceschi Unemployment Compensation Case.

151

Argued June 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Gene K. Lynch,* with him *John M. Feeney,* and *Mc-Ardle, Harrington & McLaughlin,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*John G. Wayman,* with him *Reed, Smith, Shaw & McClay,* for employer, intervenor.

OPINION BY WOODSIDE, J., September 12, 1961:

This is an appeal by the claimant from the refusal of the Board of Review to grant him unemployment compensation benefits on the ground that he had received vacation pay for the weeks in question.

Milan Franceschi, one of 211 claimants similarly situated, was an employe of the Monessen Southwestern Railroad Company and a member of the Brotherhood of Railroad Trainmen. The collective bargaining agreement between the company and the union provided as follows:

"Promptly after March 1, of each calendar year each eligible employee shall be requested to specify the vacation period he desires. Vacations will so far as practicable, be granted at times most desired by employees (longer service employees being given preference as to choice); but the final right to allot vacation periods and to change such allotments is exclusively reserved to the Company in order to insure the orderly operation of the plants; provided that vacations shall be scheduled, in the absence of mutual agreement between local Plant Management and Local General Committee to the contrary, between May 1 and October 1 of each calendar year as may be agreeable to the Plant Management and the employee."

On June 23, 1959, the claimant received two and one half weeks vacation pay in the amount of $354. On July 14, 1959, the appellant "was laid off due to lack of work," growing out of the steel strike in which his union was not participating. Prior to claimant's being laid off on July 14th, he had made no request for vacation time off.

The Bureau of Employment Security, the Referee, and the Board of Review, all concluded that under §401 and §4(u) of The Unemployment Compensation Law, 43 P.S. §801 and §753(u), and Bureau Regulation 108, the claimant was not entitled to compensation

for the weeks ending July 21 and July 28, 1959, because his vacation pay should be allocated to these weeks.

Regulation 108 of the bureau provides, inter alia, as follows:

"Where there is no provision for a vacation period or a vacation payment in any collective bargaining agreement, or in the absence of any agreement on the basis of which certain payments received by the claimant are related to a particular period, determination as to whether such payments were received with respect to the period in question shall be based upon all the circumstances of the case; provided that no payment shall be deemed to be received with respect to a period more than ninety days preceding or subsequent to the date of payment . . . ."

The decision of the board followed the holdings of this Court in *Hoenstine Unemployment Compensation Case,* 176 Pa. Superior Ct. 306, 106 A. 2d 639 (1954); *Santus Unemployment Compensation Case,* 177 Pa. Superior Ct. 496, 110 A. 2d 874 (1955) and *Schuster Unemployment Compensation Case,* 186 Pa. Superior Ct. 224, 142 A. 2d 772 (1958).

The appellant argues that the weeks for which he was denied benefits did not constitute a vacation period, because his unemployment was caused by lack of work, and because he was on stand-by orders and subject to recall by his employer.

In the recently decided *Piestrak Unemployment Compensation Case,* 404 Pa. 527, 536, 537, 172 A. 2d 807 (1961), filed after this case was argued, the Supreme Court dealt with vacation pay, and expressed its disapproval of the *Hoenstine, Santus* and *Schuster* cases, supra.

The Supreme Court said, "We conclude further that the receipt of vacation pay is to be allocated to an actual vacation period and to be allocated within such period as the Department provides by its regulations;

however, we find no justification in the statute or elsewhere for allocating vacation pay to a non-vacation period as was done in the Hoenstine, Santus and Wheatland Tube [Schuster] cases. We recently have had occasion to point out, in another context, that vacation pay is not compensation for only the calendar days of a vacation period but rather a bonus for a whole year's work. Mathewson v. Westinghouse Electric Corp., 394 Pa. 518, 147 A. 2d 409 (1959). Section 4(u) of the Unemployment Compensation Law, in indicating an alteration in this basic approach for the purposes of that law, must be taken as requiring allocation of vacation pay to the actual vacation period; but we see no authority for allocating it to a non-vacation period."

As the *Piestrak* case involved the allotment of vacation pay for weeks which admittedly constituted a vacation period, what was said concerning vacation pay to "a non-vacation period" might be considered dictum, but it appears to us to be judicial dictum rather than obiter dictum. The question of what is a vacation period was germane to the issue in the *Piestrak* case and was intentionally argued before, and taken up, discussed and decided by the Supreme Court. We consider ourselves bound by its opinion on that question as well as on the allotment of vacation pay within a vacation period. *City of Detroit v. Michigan Public Utilities Commission*, 286 N.W. 368, 379, 288 Mich. 267 (1939).

In the light of the Supreme Court's opinion, we believe that the period to which the compensation authorities allocated the claimant's vacation pay was "a non-vacation period," and that the compensation authorities have no right to make such allocation. The claimant, therefore, received no vacation pay which may be allocated to the two weeks in question, and cannot be denied benefits on the basis of the vacation pay previously received by him.

Decision reversed.