This is an unemployment compensation case.
Plaintiff filed a claim for unemployment compensation benefits which was denied by the local claims examiner and the compensation referee. Plaintiff successfully appealed the referee's denial to the Board of Appeals for the Department of Industrial Relations. The Board's decision was affirmed in the court below and the Department appealed.
The dispositive issue on appeal is whether the trial court erred in its determination that an employer's voluntary payment of a separation allowance does not disqualify a claimant from unemployment compensation benefits. We hold it did not and affirm.
The record reveals the following: Plaintiff and other employees of Gulf States Paper Company were involuntarily separated from employment upon Gulf States' decision to close its Tuscaloosa paper mill. At the time of the closing, plaintiff had worked for Gulf States for over thirty-five years.
Upon plaintiff's separation, Gulf States, though not legally obligated to do so, agreed with its employees that it would pay a lump sum termination allowance. The amount of the termination allowance was calculated on the number of years an employee had worked for Gulf States.
After termination, plaintiff received a lump sum allowance computed on his thirty-five years and nine months of employment with the company. He also received vacation and holiday pay for ten weeks of accrued vacation time.
Subsequent to plaintiff's receipt of these benefits, he applied for unemployment compensation. Upon the referee's denial of benefits, plaintiff appealed to the Department's Board of Appeals.
The Board found plaintiff qualified for benefits under §25-4-71, Code of Ala. 1975, on the basis that the company's payment of the lump sum termination allowance was not a payment of "wages" which would render plaintiff ineligible for benefits. In this regard, the Board specifically found that the payment plaintiff received under the plan was "indemnity for the loss of the job" and was not "wages." In the alternative, the Board found that the termination allowance was a "dismissal payment" which under § 25-4-16 (8), Code of Ala. 1975, is statutorily excluded from the definition of "wages." In addition to finding that plaintiff had not received "wages," the Board also determined that the payment was not made with respect to any particular week or weeks after plaintiff's separation from work but that the allowance was paid with respect to weeks prior to the date employment was terminated. *Page 869 
Upon the circuit court's affirmance of the Board's decision, the Department appealed.
The Department contends that pursuant to § 25-4-71, a claimant is disqualified for unemployment benefits if he receives a lump sum separation allowance. Specifically, the Department maintains that such remuneration is the payment of "wages" and that such "wages" are attributable to weeks subsequent to the date the employee was separated from employment. We disagree.
At the outset, we note that our Unemployment Compensation Act is remedial in nature: its beneficent purpose should be liberally construed and its disqualification provisions should be narrowly interpreted. Holmes v. Cook, 45 Ala. App. 688,236 So.2d 352 (1970).
Under the Act, an individual is eligible for benefits if he is unemployed. § 25-4-77 (4). An individual is deemed unemployed in any week if two conditions are satisfied: (1) he performs no services during that week and (2) with respect to which no wages are payable to him. The two conditions are not to be confused; an individual is not deemed unemployed even though he performs no services during a given week if hereceives wages attributable to weeks after his termination fromemployment. § 25-4-71. See also Director of Dept. of Ind.Relations v. Butler, Ala.Civ.App., 367 So.2d 496 (1979).
In the instant case, there is no dispute that plaintiff rendered no services subsequent to his departure from the company. The Department contends, however, that plaintiff may not be deemed unemployed under § 25-4-71 because payment of the allowance is the payment of "wages" attributable to the weeks after termination from the job. We hold that plaintiff is unemployed as that term is defined in § 25-4-71.
The statute defines "wages" as every form of remuneration paid or received for personal services. § 25-4-16, Code of Ala. 1975. "Wages," with certain express statutory exceptions, does not, however, include remuneration which an employer is under no legal obligation to make. For example, § 25-4-16 (8) provides that dismissal payments which an employer is not legally obligated to make are not considered "wages."
There is further support for the conclusion that remuneration voluntarily made is not considered "wages." Section 25-4-78 (8) provides that a person who receives pension payments madepursuant to a contract, i.e., a legal obligation, is disqualified for benefits. Thus the converse is equally true; payments voluntarily made do not disqualify the claimant. See,e.g., Holmes v. Cook, supra.
In the case at bar, it is stipulated that the company paid its employees voluntarily, it was under no legal compulsion to do so. Inasmuch as the termination allowance was voluntarily made, it cannot be considered the payment of "wages" which disqualify an applicant under § 25-4-71. In addition, and as a factual question, we are mindful that the Board of Appeals found that the company's payment of the allowance was not the payment of "wages" in that it was intended to award employees a "dismissal allowance" and/or as an "indemnity for loss of the job."
We are further of the opinion that even assuming arguendo
that the separation allowance in this instance can be considered "wages," it is not attributable to weeks following termination from employment. As we noted above, in order for the receipt of "wages" to disqualify a claimant under §25-4-71, the payment must constitute wages for the weeksfollowing separation as opposed to payment for services rendered prior to termination of employment. Stated alternatively, the disqualifying provisions of § 25-4-71 apply to weeks with respect to which payments are made, not the week in which payment is received. See, e.g., Ackerson v. WesternUnion Tel. Co., 234 Minn. 271, 48 N.W.2d 338 (1951). The determination of whether payments are made with respect to weeks following separation from employment is a question of fact. See Schenley Distillers, Inc. v. Review Bd. of Ind.,Employment S.D., 123 Ind. App. 508, 112 N.E.2d 299 (1953). *Page 870 
As we noted above, the Board of Appeals found that the termination payment did not apply to weeks following separation from the job. The trial court apparently agreed. We find support in the record for this conclusion.
The record indicates that plaintiff accumulated substantial job equity while serving his company for over thirty-five years. The value of this job equity was further enhanced by other benefits to which plaintiff was entitled such as hospital and medical coverage, seniority rights and profit sharing benefits. Thus, to this court it is plausible to conclude that the company intended the termination allowance to indemnify plaintiff for loss of his job and for services rendered prior to termination rather than compensation attributable to weeks subsequent to separation.
In addition, we observe that the company's agreement is conspicuous in the absence of language that the plaintiff's payment was intended to apply to weeks subsequent to separation. Contra, Fazio v. Unemployment Comp. Bd. of Rev.,164 Pa. Super. 9, 63 A.2d 489 (1949). Furthermore the computation of the amount of plaintiff's benefit relates only to factors which occurred prior to separation of employment.
We are in agreement with the court in Southwestern Bell Tel.Co. v. Emp. Sec. Bd., 189 Kan. 600, 371 P.2d 134 (1962), which viewed the absence of such factors significant in its holding that a termination payment did not disqualify the claimant from receiving benefits. In so holding, the court stated:
 In the absence of such provisions it may not be presumed that the contracting parties meant to pay wages for no services, and allocate such payments to a period after termination. Generally speaking, wages are tied to the week of work and not to the week in which they are paid. In order to associate pay with specific weeks, there must be some connection between the two. The termination allowances here involved were in no way related to or dependent upon the claimants' employment status after termination. . . .
 . . . All of the factors that went into the computation by which the amounts were fixed related to what had happened in the past. All were retrospective. The payments were not fixed with a view to the actual or probable duration of claimants' unemployment; they would not have been diminished if the claimants had found jobs the next day, and they would not have been increased no matter how long the claimants remained unemployed. Rather, the amounts were fixed on the basis of one week's pay for each completed year of credited service as employees, and such amounts were paid only because the claimants' past records were approved by the company.
 It is our opinion that the termination allowances received correlated with the claimants' past performances and not with their future conduct or needs. They were based wholly upon, and thus were payable "with respect to" the period before the claimants' employment terminated and not any period thereafter. We hold, therefore, that the claimants were "unemployed" . . . 371 P.2d at 138. (Original emphasis)
We find the reasoning in Southwestern, supra, compelling and thus we hold that under § 25-4-71, plaintiff was unemployed in that he did not receive wages attributable to weeks subsequent to his separation from work.
The Department additionally contends that under § 25-4-78
(6), Code of Ala. 1975, the payment of a termination allowance bars a claimant's eligibility for benefits. Section 25-4-78 (6) provides that an individual is disqualified for benefits:
 For any week with respect to which he is receiving or has received remuneration in the form of wages in lieu of notice, or a dismissal or separation allowance. (Emphasis supplied.)
The Department argues in essence that the language of this provision excludes eligibility regardless of whether the termination payment is considered to be the payment of *Page 871 
"wages" or not. We do not so construe the statute.
It is the duty of this court to construe every word in each section of a statute consistent with other sections in parimateria. B.F. Goodrich Co. v. Butler, 56 Ala. App. 635,324 So.2d 776, cert. quashed, 295 Ala. 401, 324 So.2d 788 (1975).
We are of the opinion that the legislature intended § 25-4-78
(6) to disqualify a claimant only when he receives remunerationin the form of wages. The disqualification of § 25-4-78 (6) obtains where the wages received are in lieu of (1) notice (to terminate), (2) a dismissal allowance, or (3) a separation allowance. Put another way, disqualification does not result by mere receipt of a separation allowance, payment must be in the form of wages in lieu of the allowance.
This construction of § 25-4-78 (6) is consistent with other provisions of the Act. As we noted above, § 25-4-16 (8) excludes dismissal payments from the statutory definition of wages, if such payments are voluntarily made. It would be an anomaly for the legislature to declare an individual eligible for benefits under § 25-4-71 even though he receives remuneration in the form of a dismissal payment voluntarily made, and disqualify the same individual when he receives such an allowance under § 25-4-78 (6).
Because this court is bound to construe the sections of a statute consistently, Butler, supra, we are of the opinion that receipt of a separation allowance must be accorded no different treatment than that afforded a dismissal allowance. We conclude, therefore, that since the allowance which plaintiff received is not considered a "wage" for purposes of eligibility under § 25-4-71, he is likewise not disqualified from benefits for receiving the same voluntary allowance under § 25-4-78 (6).
To further substantiate what we have said, it is significant to this court that § 25-4-78 (6) makes no express distinction between a termination allowance voluntarily made as opposed to one which is made under a legal obligation. However, § 25-4-78
(8) does not disqualify an individual from compensation unless he receives pension benefits pursuant to an employer's legal obligation. Therefore, construing subsections (6) and (8) of §25-4-78 consistently, disqualification under § 25-4-78 (6) can only result when a termination allowance is paid by an employer under a legal obligation to do so. Because the record clearly shows Gulf States made plaintiff's payment voluntarily, §25-4-78 (6) does not disqualify him from benefits.
The Department additionally contends that as a matter of policy, a claimant who receives both a termination allowance and compensation benefits is unjustly enriched at the expense of the employer. We disagree.
We are of the opinion that the legislature did not intend to restrict or discourage an employer's decision to give termination payments to its employees supplemental to benefits under the Act. As we noted above, our statute, unlike those of some other states, does not expressly disqualify a claimant for benefits where a termination payment is voluntarily made. See,e.g., Schenley Distillers, supra. No reason is readily apparent why double payments voluntarily made conflict with the overall legislative scheme and therefore, we do not find the practice violative of public policy. Accord, Meakins v. Huiet,100 Ga. App. 557, 112 S.E.2d 23 (1959). This is especially so, where as here, the purpose for which the payment was given the claimant is absolutely unrelated to any of the purposes which our Act seeks to subserve. Furthermore, we observe that in this instance, it is not Gulf States who complains that the payment of the allowance and compensation benefits operates unjustly.
The plaintiff-appellee, in a well reasoned brief, contends that the court below erred in holding that the receipt of vacation and holiday pay disqualified him for benefits for a ten-week period. It is not appropriate for this court to discuss this issue, inasmuch as appellee has failed to present the contention by way of cross appeal. *Page 872 Price v. South Central Bell, 294 Ala. 144, 313 So.2d 184
(1975).
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.