556 A.2d 973

Joseph R. Appel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

William D. Snyder, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

John W. Straight, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

John V. Kennelly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Daniel A. Bosh, and other similarly situated claimant-employees of Pittsburgh Forgings Company, members of United Steelworkers of America Local Union No. 1779, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Richard J. Mueller, and other similarly situated claimant-employees of Pittsburgh Forgings Company, members of United Steelworkers of America Local Union No. 1779, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

James R. Stopperich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

James R. Crowe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Reginald G. Blake, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Edward F. Poola, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Kenneth R. Copeland, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Edward L. Morton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Francis D. Robertson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joseph Maritz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Wayne C. Torpeck, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Robert J. Krawchyk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Charles J. Schavolt, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joseph F. Fritz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Joseph M. Bucek, Petitioner *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Respondent.

Argued October 6, 1988, before Judges BARRY and
SMITH, and Senior Judge BARBIERI, sitting as a panel of
three.

*Richard E. Gordon, Grossinger, Gordon & Vatz,* for petitioners.

*John Herzog,* Assistant Counsel, with him, *James K. Bradley,* Assistant Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, April 6, 1989:

Joseph R. Appel (Claimant), representative claimant,[1] appeals from the decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits pursuant to Sections 4(u)

---

[1] This appeal was filed on behalf of nineteen claimants, all members of the United Steelworkers of America, Local No. 1779, who worked at Pittsburgh Forgings' Coraopolis Plant. Since all cases involve the same issues, they have been consolidated by order of this Court.

and 404(d)(ii) of the Pennsylvania Unemployment Compensation Law.[2] The Board's decision is affirmed.

Claimant, a member of the United Steelworkers of America, Local No. 1779 (Union), was employed by Pittsburgh Forgings Company (Employer). According to prior practice, Employer posted a notice of vacation shutdown on June 15, 1987 indicating that the Coraopolis plant would be down for a four-week vacation and inventory for the weeks beginning July 6, July 13, July 20 and July 27. The notice further stated that normal operations were scheduled to resume Monday August 3, 1987. A second notice was posted on June 22, 1987 providing the employees with details regarding vacation checks, regular paychecks, and extra work available during the shutdown. This notice reiterated that start-up of normal operations would commence August 3, 1987.

Prior to these notices, Employer and the Union were negotiating terms for a new collective bargaining agreement. The existing agreement would expire on June 30, 1987. Employer, in anticipation of a work stoppage, shipped work to its sister plant in Jackson, Mississippi. On June 30, 1987, an agreement was reached between Employer and Union to extend the existing contract until August 31, 1987. As scheduled, the plant shutdown commenced on July 6, 1987 and work resumed on August 3, 1987. Claimant received vacation pay on July 3, 1987. As a direct result of the shutdown, Claimant applied for unemployment compensation benefits with the Office of Employment Security (OES) which determined Claimant to be ineligible because he was not indefinitely separated from work as required under Section 404(d)(ii) of the Law and that the plant shutdown was properly designated as vacation time for the allocation of vacation pay.

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§753(u), 804(d)(ii).

The referee and Board affirmed. Hence, Claimant's petition to this Court for review.[3]

Issues presented to this Court for review are whether the Board correctly concluded that the Employer shutdown was properly allocated as a vacation period; and whether the Board properly concluded that Claimant was not indefinitely separated from work as a result of the plant shutdown.

In reviewing vacation pay cases, this Court must look to the specific provisions of the Law as well as the controlling collective bargaining agreement. *Ungarean Unemployment Compensation Case*, 207 Pa. Superior Ct. 506, 218 A.2d 847 (1966). Section 4(u) of the Law provides in pertinent part:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit. Notwithstanding any other provisions of this act, an employe who is unemployed during a plant shutdown for vacation purposes shall not be deemed ineligible for compensation merely by reason of the fact that he or his collective bargaining agents agreed to the vacation.

---

[3] This Court's scope of review in unemployment compensation cases is limited to determining whether the findings of fact are supported by substantial evidence in the record as a whole; an error of law was committed; or any of claimant's constitutional rights were violated. *Placek v. Unemployment Compensation Board of Review*, 116 Pa. Commonwealth Ct. 475, 542 A.2d 196 (1988).

No employe shall be deemed eligible for compensation during a plant shutdown for vacation who receives directly or indirectly any funds from the employer as vacation allowance.

Section 404(d)(ii) of the Law provides in pertinent part:

(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (ii) vacation pay, if any, which is in excess of his partial benefit credit, except when paid to an employee who is permanently or indefinitely separated from his employment . . . .

Initially, Claimant contends that the Board erred as a matter of law in finding that Employer properly allocated vacation pay to a vacation period since the finding is not supported by substantial evidence. Rather, Claimant contends that the evidence supports the conclusion that the Employer improperly and unilaterally designated the four-weeks' period of time as vacation without any authority provided for in the collective bargaining agreement. Furthermore, Claimant contends that Employer's action was merely a negotiating strategy in anticipation of a potential work stoppage. Hence, the Board erred in failing to look at the circumstances underlying the Employer's action.

It is undisputed that Claimant has the burden of proving eligibility for unemployment compensation benefits and therefore must establish that the shutdown period was improperly designated by Employer as vacation time and that Claimant was in fact unemployed during the shutdown period. *Iceland Products v. Unem-*

*ployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 251, 492 A.2d 457 (1985).

In support of his argument, Claimant directs this Court to language in the collective bargaining agreement which provides for the scheduling of vacation as follows:

### VACATION SCHEDULE

Vacation will, as far as possible, be granted at times most desired by employees, between January 1 and December 31, but the final right to allotment of vacation period is exclusively reserved to the Company in order to ensure the orderly operation of the plant.

Claimant disagrees with Employer's interpretation and contends that the plain meaning of this language is that an employee may exercise his vacation preference as long as such election does not threaten the orderly operation of the plant. Claimant attempts to support his interpretation of the above provision by citing various labor arbitration decisions which are not relevant to this particular case. Moreover, Claimant admits that the vacation schedule provision has never been a subject of arbitration. This Court must therefore determine from the plain meaning of the provision whether or not Employer has the right to allocate vacation period under the circumstances.

Upon review of the entire record, which includes the collective bargaining agreement, this Court finds that the Employer had the authority to allocate the four-weeks' period as vacation time. Furthermore, there is no evidence that Claimant had been granted a separate vacation period in substitution, in whole or in part, for the general shutdown. *Compare Iceland Products and Dennis v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 215, 423 A.2d 458 (1980) where claimants had been granted separate vacation periods. *See also* 34 Pa. Code §65.94. Although Claimant argues

that Employer's decision to shut down the plant was merely a negotiating strategy, the record fails to support this argument. Testimony before the referee established that Employer normally closed the plant for a period of time each year ranging from two to four weeks. Although Employer does not dispute the fact that work was shipped to sister plants in anticipation of a work stoppage, this fact alone does not negate Employer's authority under the collective bargaining agreement to allocate the specific period of time for vacation shutdown. Furthermore, this Court is not the proper forum to adjudicate an alleged collective bargaining agreement violation. *Hoffman v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 55, 504 A.2d 963 (1986). Hence, the Board's conclusion that Employer properly allocated the plant shutdown as vacation period is supported by the evidence and consistent with the Law.

Claimant next challenges the Board's conclusion that Claimant was not indefinitely separated from work as a result of the plant shutdown. Claimant argues that at the time of the plant shutdown, Employer had no intention to recall Claimant. In *Libbey-Owens-Ford Co. v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 430, 400 A.2d 1353 (1979), this Court set forth the three elements necessary to prove that a claimant is not indefinitely separated from his employment pursuant to Section 404(d)(ii): when the separation period is fixed as to length; the employee has knowledge of when he is to return to his employment; and where there is no evidence which indicates an intent on the part of the employer not to recall the employee.

Applying the *Libbey-Owens* test to the facts of this case, this Court concludes that Claimant has failed to prove an indefinite separation from his employment. The notices in question indicate that unless notified otherwise

by their foreman or the personnel department, all employees are expected to report on Monday, August 3, 1987 to the same department and shift they worked on Thursday, July 3, 1987. Clearly, the separation period was fixed as to length; Claimant had knowledge as to when he was to return to his employment; and there is no evidence which indicates that Employer intended not to recall Claimant.[4] Recognizing that it is the actual situation at the time of separation which determines eligibility for benefits, the evidence clearly demonstrates that Claimant was neither permanently nor indefinitely separated from his employment.

This Court has consistently stated that the basic purpose of the Law is to provide compensation to an employee during periods of idleness due to no fault of the employee rather than a fund for double payments. *Schuster Unemployment Compensation Case,* 186 Pa. Superior Ct. 224, 142 A.2d 772 (1958). Having found that Employer properly allocated vacation pay to what was an actual vacation period, the Board properly determined that the deduction provisions of Section 404(d)(ii) were applicable and served to render Claimant ineligible for benefits. Hence, the Board did not err as its findings and conclusions are supported by the record.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW this 6th day of April, 1989, the decision of the Board is affirmed.

---

[4] All Claimants did report to work on August 3, 1987 or soon thereafter.