Marvin A. Welsch and Joan Welsch, Parents of Mitchell Welsch, a minor, Petitioners v. Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued March 7, 1979, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle and MacPhail. Judges Crumlish, Jr. and Craig did not participate.

*Lester J. Schaffer*, with him, of counsel, *Blank, Rome, Klaus & Comisky*, for petitioners.

*Ernest N. Helling*, Assistant Attorney General, with him *Patricia A. Donovan*, Deputy Attorney General, Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 17, 1979:

The appellants, Marvin A. and Joan Welsch, are the parents of a socially and emotionally disturbed child. In December 1976 for reasons which they believed were compelling, the Welsches on their own initiative enrolled their child in a private residential school for socially and emotionally disturbed children located in Connecticut. Lower Merion, the Welsches' local School District, was then seeking appropriate placement for the child in an approved private residential school in the Commonwealth.

The appellants, believing that the best interest of their child lies in his remaining at the Connecticut school, will not make him available for evaluation by, or placement in, an approved private residential school located in Pennsylvania. For this reason it has not been and, so long as the appellants maintain their present position cannot be determined whether or not there is an appropriate program for placement of the child in a private school in the Commonwealth. The appellants nevertheless say that the Secretary of Education should have approved the child's placement in the Connecticut school with the concomitant state tuition reimbursement provided for by Section 1376 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1376.

Section 1372(3) of the Code, 24 P.S. §13-1372(3), provides that if it is not feasible to educate children in special classes for exceptional children in the school district, the board of school directors "shall secure such proper education and training outside the public schools of the district or in institutions, or by providing for teaching the child in his home, in accordance with the rules and regulations of the Department of Education. . . ." State Board of Education Regulation at 22 Pa. Code §13.12, adopted on the authority of the Code, provides:

§13.12   Placement in out-of-state institutions.

(a)   The Secretary shall approve the placement of certain multi-handicapped school-aged persons in approved out-of-state institutions provided the following conditions are met:

(1)   There is no appropriate program for placement of such multi-handicapped school-aged persons in the school districts, intermediate units, approved private schools in the Commonwealth, or state schools.

(2)   The parent, school district superintendent, and intermediate unit executive director agree that there is no appropriate placement in the Commonwealth.

(3)   There is concurrence by the Secretary of Education with the decision of the school district superintendent and intermediate unit executive director.

(b)   If an appropriate placement for such person has been identified within the Commonwealth, the Secretary of Education may initiate action for the return of such person, and the person shall be returned to an approved program within the Commonwealth.

44

Additionally, Section 1376 of the Code, 24 P.S. §13-1376, which provides for tuition reimbursement, speaks only of pupils "enrolled with the approval of the Department of Education."

Since the Code and Regulations provide that the Secretary of Education may approve out-of-state placement only if there is no appropriate program of placement in the Commonwealth, and since the appellants will not agree to any placement other than to the Connecticut school or to make their child available so that it may be ascertained whether there is an appropriate program of in-state placement, the contention that the Secretary of Education should nevertheless approve the out-of-state placement and tuition reimbursement by the Commonwealth is patently unsound.

Order affirmed.

ORDER

AND Now, this 17th day of April, 1979, the order of the Secretary of Education dated April 3, 1978, is affirmed.