Gilbert H. Schobert and Thelma Schobert, husband and wife, as parents and natural guardians of Nadine Schobert, a minor, Plaintiffs *v.* Michael P. Marcase, Superintendent of Schools and The School District of Philadelphia et al., Defendants.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Robert Lewis Seigle,* for Plaintiffs.

*Robert T. Lear,* for Defendant, Michael P. Marcase.

*David M. Donaldson,* Assistant Attorney General, with him *Margaret Anderson* and *John Alzamora,* Assistant Attorneys General, for Defendant, The School District of Philadelphia.

*Ernest N. Helling,* Counsel with him *Michael A. Davis,* Chief Counsel, *Maria P. Vickers,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for Pennsylvania Department of Education.

OPINION BY JUDGE ROGERS, April 22, 1981:

Gibert H. and Thelma Schobert filed a complaint in the Philadelphia Court of Common Pleas seeking injunctive relief and a money judgment from the Philadelphia Superintendent of Schools, the School District of Philadelphia and Caryl Kline,[1] individually, and as Secretary of the Pennsylvania Department of Education. The defendants filed an array of preliminary objections, one of which was a petition raising a question of the court's jurisdiction based on the fact that one of the defendants was a Commonwealth officer. The court below properly sustained this objection, causing the matter to be transferred to this court. We must dispose of the remaining preliminary objections.

Demurrers have been filed so that the complaint establishes the facts. The Schoberts are the parents of a moderately brain-damaged child who was accepted for attendance during the 1977-78 school year

---

[1] This name appears in some of the pleadings improperly as Carol Klein.

commencing in September, 1977, by Wordsworth Academy, an approved special education facility. In June, 1977, before sending their child to Wordsworth, the Schoberts applied to the Philadelphia School District for approval of the placement, which approval when followed by the approval of the Pennsylvania Department of Education, would have created an obligation in the school district or the Commonwealth or both for the child's expenses at Wordsworth. The Schoberts alleged that by reason of the negligent performance by the defendants of their duty promptly to act on the application it was not approved until March 2, 1978, almost nine months after it was filed, six months after the child was placed in Wordsworth, and after the Schoberts had become obliged in the first instance to pay Wordsworth $4,198.72.

At oral argument, the Schoberts informed us that their child no longer attended Wordsworth and that injunctive relief (seeking restraint of the defendants from causing the child to be removed from Wordsworth) was no longer sought. Therefore only the Schoberts' claim for judgment for the $4,198.72 they paid Wordsworth is left in the case, which we treat as we would a complaint in trespass in our original jurisdiction.

Further, the parties stipulated below that Robert Scanlon, the present Secretary of Education, should be substituted for Caryl Kline as the defendant Secretary of Education. It is not clear whether the parties intended that Caryl Kline in her individual capacity was to remain a defendant. Since the substitution was made at a time when injunctive relief was still sought and may have been done in order to ensure the effectiveness of an order granting injunctive relief, if made, we may assume that Caryl Kline individually remains a party.

An examination of the statutes and regulations concerning the assignment of exceptional children to private facilities is appropriate. The Public School Code of 1949 requires that exceptional children be provided with proper education and training. Act of March 10, 1949, P.L. 30, §1371 *et seq., as amended,* 24 P.S. §13-1371 *et seq.* The duty to identify exceptional children and to assign them to the proper educational and training program lies in the first instance with the school district of residence. *Id. See* 22 Pa. Code §13.11(b). *See also West Chester Area School District v. Secretary of Education,* 43 Pa. Commonwealth Ct. 14, 17, 401 A.2d 610, 612 (1979). An exceptional child may be placed in a private facility which has been approved by the Secretary of Education if programs offered by the school district do not answer the child's needs. Section 1372(3) of the Public School Code of 1949, 24 P.S. §13-1372(3); 22 Pa. Code §13.11(d). The expense of educating the exceptional child in an approved private facility is borne in the first instance by the school district as part of the district's duty to provide the child with an education and training. 22 Pa. Code §171.13. *See Welsch v. Department of Education,* 42 Pa. Commonwealth Ct. 41, 400 A.2d 234 (1979). After the school district has approved the assignment of an exceptional child to a private facility, the school district must submit the assignment to the Department of Education for approval. 22 Pa. Code §171.16(g). The Department "will approve or disapprove" the assignment within fifteen days of receipt of the application. 22 Pa. Code §171.16(g)(1). If the application is not acted upon by the Department within fifteen days, it shall be deemed approved. *Id.* After the application is approved by the Department, the Department will in some instances become solely liable for the expense of the child's education and in

others share that expense with the school district in which the child resides. Section 1376 of the Public School Code of 1949, 24 P.S. §13-1376; 22 Pa. Code §171.19.

In view of the regulation at 22 Pa. Code §171.16 (g)(1) imposing on the Department the duty to approve or disapprove an application for assignment within fifteen days, with deemed approval the result of failure to act, it is difficult to understand how the Department which is not sued, much less Caryl Kline, then the Secretary, could be shown to have caused any injury to the plaintiffs by failing promptly to dispose of their application. Among Caryl Kline's preliminary objections is a motion for a more specific pleading. We will grant this motion so that the plaintiffs may plead the date upon which the School District submitted the application for assignment to the Department of Education. If it should appear that the Department received the application from the School District within a period of fifteen days before March 2, 1978, when we are told the assignment was approved, there would be clearly no basis for a suit against Caryl Kline for negligently failing to act— assuming that the deemed approval regulation does not itself preclude any possibility of injury resulting from total failure to act. The grant of the motion for more specific pleading makes it unnecessary for us to dispose of Caryl Kline's objection based on official immunity, a weighty subject which it may prove unnecessary to decide.

The School District has filed two preliminary objections. First, it contends that the plaintiffs have failed to exhaust their right to a due process hearing on the question of the child's assignment to the Wordsworth Academy prior to the institution of the present action. Parents of an exceptional child are entitled to a due process hearing under the Depart-

ment's regulations on questions concerning the classification or assignment of their child. 22 Pa. Code §§13.31; 13.33. However, the plaintiffs here are not contesting the School District's classification or assignment of their child; rather, the plaintiffs are challenging the timeliness with which the School District approved the plaintiffs' request for assignment of the child to the Wordsworth Academy. The Department's regulations make no mention of a right to a due process hearing in these circumstances. Moreover, common sense tells us that until the School District reached a decision on the child's assignment, the plaintiffs had nothing upon which to base a request for a hearing. We therefore will overrule the School District's preliminary objection based on the failure of the plaintiffs to exhaust their statutory remedies.

Finally, the School District demurs to the complaint; asserting that it cannot assign a child to a private facility until the Department approves the assignment (22 Pa. Code §171.16), and that it has no duty to pay for the costs of the child's education at Wordsworth before the Department approved the assignment on March 2, 1978.

The School District's contentions miss the point of the plaintiffs' complaint. The plaintiffs are not seeking to impose liability upon the School District for acting in violation of the School District's duties under the Public School Code of 1949 and the Department's regulations. They complain that the School District violated its duty to approve or disapprove reasonably promptly. The portions of the complaint directed against the School District say in effect that but for the School District's negligence, the plaintiffs' application would have been processed by the School District and transmitted to the Department sooner than it actually was. The Department would then have acted (or been deemed to have acted) within

fifteen days and the plaintiffs would have been entitled to reimbursement for the cost of the child's education at the Wordsworth Academy at some time earlier than March 2, 1978. Since the complaint states a cause of action against the School District, the School District's demurrer will be overruled.

Accordingly, we enter the following:

ORDER

AND Now, this 22nd day of April, 1981, we sustain Caryl Kline's motion for a more specific complaint; we overrule all other preliminary objections to the complaint.

The plaintiffs are directed to file an amended complaint within twenty (20) days of the notice of this order, with leave to apply for an extension of the time for filing if discovery is necessary.

Judge WILKINSON did not participate in the decision in this case.

_____

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

I concur with the majority's conclusion that the preliminary objection of Caryl Kline in the nature of a motion for a more specific complaint should be sustained and that the preliminary objections of the Philadelphia School District should be overruled. I respectfully dissent, however, as to the majority's disposition of the demurrer by the defendant Caryl Kline.

The complaint before us is against Michael P. Marcase, Superintendent of Schools, the School District of Philadelphia, Caryl Kline, individually and Caryl Kline as Secretary of the Department of Education. Technically, there are four defendants named in this action. The plaintiffs say that they submitted an application to the School District of Philadelphia

on June 20, 1977 to allow their child *to attend* Words-worth Academy and that the chid *was accepted* at Wordsworth in September of 1977. They say that they submitted an application *for payment* "to the defendants." The date of the submission thereof is not set forth nor is the specific identity of the specific defendants to whom such application was made set forth. Plaintiffs complain that they have not been reimbursed for tuition they paid between September of 1977 and March 2, 1978, the date when the Department of Education approved payment. They allege that the "delay in the submission of the application" (by whom, to whom and for what is not specified) was caused by the delay of "either or both defendants" in failing to comply with unspecified time limitations set forth in the Administrative Code.

It will be quickly observed that there are more than two defendants in this action. Which one or two of them the plaintiffs are talking about with respect to alleged negligence is not specified. Nowhere in the complaint is there *any* reference to what Caryl Kline did or failed to do individually or as Secretary of Education. As a matter of fact, she is nowhere identified in the complaint except in the caption thereof. None of the statutory authorities cited in the majority opinion imposes any duty upon the Secretary of Education with respect to the matter here at issue. Throughout that statutory authority, the reference is to the responsibilities of the Department of Education. I see no basis in the complaint whatsoever to hold the defendant Caryl Kline in this suit either as Secretary a (post she no longer holds) or individually and I would sustain the preliminary objection in the nature of a demurrer with respect to that defendant.[1]

---

[1] Had a similar objection been interposed on behalf of Michael P. Marcase, I would have sustained that objection as well.