Chad Savka, a minor, by Edward Savka, his guardian, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, The Allegheny Intermediate Unit and The Deer Lakes School District, Respondents.

Argued March 9, 1979, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Gerald G. DeAngelis,* with him *Frank P. Paz,* for petitioner.

*Ernest N. Helling,* Assistant Attorney General, with him *Patricia A. Donovan,* Deputy Attorney General, Chief Counsel, and *William C. Andrews,* for respondents.

·OPINION BY JUDGE MENCER, July 5, 1979:

Edward Savka (petitioner), on behalf of his minor son Chad, has appealed an order of the Secretary of Education (Secretary) approving the educational placement of Chad in the Allegheny Intermediate Unit (AIU) facility at Edgewood Elementary School (Edgewood). We affirm.[1]

Chad Savka, a 7-year-old hearing-impaired child, has attended DePaul Institute's (DePaul) preschool program for exceptional children since he was 2½ years of age. In May 1977, upon completion of kindergarten, Chad's records were forwarded to AIU for a determination of whether Chad could be placed at fa-

---

[1] The parties have not raised, nor have we considered, the impact of either the Pennsylvania regulations at 22 Pa. Code §341.1 et seq. (effective October 1, 1977) or the Education for All Handicapped Children Act of 1975, Pub. L. No. 94-142, §1 et seq., 89 Stat. 775 (amending the Education of the Handicapped Act, 20 U.S.C. §1401 et seq.) and the regulations promulgated pursuant thereto at 45 C.F.R. §121a.1 et seq., on any of the issues presented here.

cilities within either AIU or Deer Lakes School District (District), of which petitioner is a resident. AIU decided that its facility for the hearing-impaired at Edgewood could provide Chad an appropriate education. AIU therefore recommended that Chad be transferred to Edgewood, beginning with the 1977-78 school year. Proper notice of its recommendation was sent to petitioner.

Opposed to the transfer, petitioner requested a parents' placement conference to review AIU's decision. Unable to reach an accommodation with AIU or the District, petitioner requested a due process hearing pursuant to 22 Pa. Code §13.32(9). *See also* 22 Pa. Code §13.31. A hearing was held on October 12 and 25, 1977 before Dr. S. Robert Marziano, Assistant Executive Director of the Beaver County Intermediate Unit, the designated hearing examiner.

At the hearing, AIU presented Chad's records from DePaul, which consisted of his educational progress reports for the 1975-76 and 1976-77 school years, several audiological evaluations, a psychological evaluation dated April 1, 1977, the results of an April 25, 1977 otological examination, and a classroom report by one of Chad's teachers at DePaul, dated April 19, 1977. AIU also presented several witnesses, including the supervisor of AIU's hearing-impaired program, a master teacher of the hearing-impaired, and Chad's probable classroom instructor, who described Edgewood's program for deaf children in general and for Chad in particular. In addition, testimony was presented that Chad could readily adjust and adapt to a transfer to Edgewood. Petitioner, in turn, presented testimony concerning the appropriateness of DePaul and the potential detriment to Chad's health and welfare if he were transferred at that time.

The hearing examiner, in his report dated November 10, 1977, found that Edgewood was an appropriate

placement for Chad. Since the 1977-78 school year was well in progress, however, he recommended that Chad's transfer to Edgewood be delayed until the 1978-79 school year. The Secretary dismissed petitioner's exceptions to the report and adopted the hearing examiner's decision. Petitioner's appeal to this Court followed.

One of the goals of the Department of Education is to provide all exceptional children in the Commonwealth an appropriate educational program.[2] *See* the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, §§1371-1382, *as amended*, 24 P.S. §§13-1371 to 1382; 22 Pa. Code §13.2(a). The primary responsibility for identifying all exceptional children and developing educational programs to meet their needs is placed on the local school district. *See* Section 1371(2) of the Code, 24 P.S. §13-1371(2); 22 Pa. Code §§13.11(b), 171.13. If the school district is unable to provide an appropriate program, it is mandated to utilize the services of an intermediate unit. *See* 22 Pa. Code §§13.11(b), 171.13. In addition, approved private schools, such as DePaul, are also available as an option to the local district. *See* 22 Pa. Code §§13.11(b), .14(a), 171.13. Placement, however, in a private school will only be approved if neither the local school district nor its supporting intermediate unit can provide an appropriate education for the child in question. *See* Section 1372(3) of the Code, 24 P.S. §13-1372(3); 22 Pa. Code §§13.11, 171.13, .16. If such a placement is approved by the Secretary, the parents of the child are eligible for tuition reimbursement pursuant to Section 1376(a) of the Code, 24 P.S.

---

[2] 22 Pa. Code §13.1 defines an appropriate program as "[a] program of education or training for exceptional school-aged persons which meets their individual needs as agreed to by a parent, school district, or intermediate unit personnel; or as ordered by a hearing officer; or upon appeal as ordered by the Secretary of Education."

§13-1376(a).[3]  *See Welsch v. Department of Education*, 42 Pa. Commonwealth Ct. 41, 400 A.2d 234 (1979).  At issue here, therefore, is whether there is substantial evidence to support a determination that an appropriate program was available for Chad at Edgewood.

Petitioner first argues that the records received from DePaul[4] and introduced by AIU to support its recommendation were outdated by the time of the due process hearing and therefore could not support the Secretary's decision.  Our review of the records indicates that, for the most part, they reflect evaluations completed in April 1977 and were therefore not outdated either at the time AIU made its initial determination on Chad's placement in May 1977 or at the

---

[3] Section 1376(a) reads, in pertinent part, as follows:

(a) When any child between the ages of six (6) and twenty-one (21) years of age resident in this Commonwealth, who is . . . deaf, . . . is enrolled, with the approval of the Department of Education, as a pupil in any of the schools or institutions for the . . . deaf, . . . under the supervision of, subject to the review of or approved by the Department of Education, in accordance with standards and regulations promulgated by the Council of Basic Education, the school district in which such child is resident shall pay twenty-five per centum (25%) of the cost of tuition and maintenance of such child in such school or institution, as determined by the Department of Education; and the Commonwealth shall pay, out of funds appropriated to the department for special education, seventy-five per centum (75%) of the cost of their tuition and maintenance, as determined by the Department.

[4] Petitioner contends that AIU should have conducted its own evaluations, instead of relying on the records of DePaul.  As no authority has been cited by petitioner prohibiting this practice, we see no need for AIU, under the facts of this case, to duplicate DePaul's efforts and further delay and complicate the proceedings.  We note, however, that petitioner could have requested AIU or the District to perform an independent evaluation of Chad prior to the parents' placement conference.  *See* 22 Pa. Code §13.32(4).  The record fails to disclose that such a request was made.

October 1977 due process hearing. When taken in conjunction with the testimony presented by AIU describing class size, facilities, teacher certification, mainstreaming opportunities, and AIU's total communication approach to teaching the hearing-impaired,[5] we find there was more than sufficient evidence to support the Secretary's findings on the ability of Edgewood to provide Chad with an appropriate education.

Petitioner next argues that since 22 Pa. Code §13.31(c)[6] gives a parent the right to have an annual evaluation of his child's placement, including the due process protections of 22 Pa. Code §13.32, the Secretary had no authority to delay the date of Chad's transfer to Edgewood until the 1978-79 school year. This argument is without merit, for not only do we fail to see such a limit in the language of 22 Pa. Code §13.31(c), but a situation might arise where the Secretary needs flexibility in formulating an order to protect the best interests of the child. Here, the Secretary, apparently in response to petitioner's own concern that

[5] A total communication approach is one that utilizes all possible means to communicate with a hearing-impaired child, including amplification, sign language, lip reading, visual aids, and finger spelling. *See Fitz v. Department of Education* 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979). At the hearing, petitioner expressed a fear that, since Chad's program at DePaul was primarily oral, *i.e.*, a program that emphasizes lip reading and speech training, his progress would be retarded in Edgewood's total communication environment. The Secretary found, however, based on the testimony of several AIU witnesses, that, although Edgewood did provide a total communication program, it had an oralist emphasis and therefore Chad's oral needs would be met at Edgewood. We decline to disturb her findings.

[6] 22 Pa. Code §13.31(c) reads as follows: "(c) The educational assignment of every exceptional or thought to be exceptional person must be evaluated not less than every two years, or annually upon the request of the parents, and upon such re-evaluation, notice and opportunity to request due process procedures shall be provided."

a transfer of Chad at that time might have been traumatic, delayed the transfer until the 1978-79 school year. Although the reports underlying Chad's transfer might be outdated by the time Chad is actually transferred to Edgewood, nothing prevents petitioner from exercising his annual right to an evaluation if he feels that circumstances have changed.

Finally, petitioner argues that he was denied an impartial hearing because the hearing examiner was an employee of another intermediate unit and therefore was "an ally of the opposition." Petitioner, however, failed to move at the hearing pursuant to Rules of Administrative Practice and Procedure, 1 Pa. Code §35.186, applicable to the Department of Education, *see* 22 Pa. Code §1.6, that the hearing examiner disqualify himself. Therefore, we consider this issue waived.

### ORDER

AND Now, this 5th day of July, 1979, the order of the Secretary of Education, dated March 15, 1978, approving the placement of Chad Savka in the Allegheny Intermediate Unit facility at Edgewood Elementary School, is hereby affirmed.