Community Country Day School, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued December 7, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Edward W. Goebel, Jr., MacDonald, Illig, Jones & Britton,* for petitioner.

*John A. Alzamora,* Assistant Attorney General, with him *Patricia A. Donovan,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, May 12, 1980:

The Community Country Day School (CCDS) has appealed from an order of the Secretary of Education (Secretary) which refused approval of CCDS as a private school for exceptional children, thereby rendering CCDS ineligible for tuition reimbursement pursuant to Section 1376 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §13-1376. We vacate the Secretary's order and remand for proceedings consistent with this opinion.

On July 2, 1975, CCDS received the following letter from the Secretary of Education:

I have examined very carefully the materials centered around your request for the Community Country Day School to become an approved private school for socially and emotionally disturbed school-aged persons. I understand that you have met the Commonwealth's laws and standards for approval and have discussed this matter with Dr. Moody and his staff and they agree that the facility warrants approval.

The Community Country Day School is granted approval as an approved private school for socially and emotionally disturbed youth, thus making it possible for the Commonwealth to purchase tuition and/or tuition and maintenance from the facility, provided that the following conditions are met:

1. The program operate at a level of quality that meets the standards as outlined in the

evaluation procedures that were reviewed with you during the Spring of 1975, with improvements in accordance with the recommendations of the review team;

2.  In the event of staff turnover, in no instance shall staff be hired that are not qualified as prescribed for approved private schools;

3.  That a descriptive brochure of all administrative services and curriculum offerings be published and disseminated, and

4.  Our staff continue to review and evaluate and assist you in operating quality programs for socially and emotionally disturbed youth.

If you have any questions regarding procedures and methodology relating to the operation of an approved private school, please contact Dr. Ferman Moody in the Department of Education.

On March 9, 1976, CCDS was notified that the Department of Education (Department) would be conducting an initial onsite evaluation of CCDS's program for emotionally and socially disturbed children. The evaluation, which took place on April 29, 1976, resulted in an unsatisfactory rating.

Consequently, on July 15, 1976, the Secretary ordered CCDS to show cause why the Department should not refuse to grant CCDS approval for reimbursement under Section 1376 since CCDS allegedly (1) failed to meet the conditions imposed by the July 2, 1975 letter, (2) required a mandatory one-half hour of Christian education for all students, and (3) had various deficiencies in the quality of its staff, program, and physical plant. CCDS answered the show-cause order on August 6, 1976 and either denied the deficiencies or claimed it would have complied with the Department's requirements if it had had prior

knowledge of them. Further, CCDS countered that, as a result of its approval on July 2, 1975, it had incurred expenses related to educating exceptional children for the 1975-76 school year which had not been reimbursed by the Department. CCDS therefore requested that it receive the funds to which it was entitled and that it be allowed a reasonable time to correct the new deficiencies raised in the show-cause order.

The hearing examiner found that CCDS had not met the Department's regulations and standards governing private schools and therefore recommended against approval. Although the hearing examiner acknowledged CCDS's contention that it already was an approved school entitled to reimbursement for the 1975-76 school year, he failed to make any clear findings resolving the issue. The Secretary adopted the hearing examiner's report and CCDS appealed to this court.

CCDS renews its contention here that the Secretary's July 2, 1975 letter granted it the status of an approved private school under Section 1376 of the Code and, therefore, it is entitled to reimbursement for the exceptional children it educated during the 1975-76 school year. The Department contends that the Secretary's letter did not grant CCDS approval but merely imposed conditions that CCDS had to meet before approval would be granted. As noted, however, the hearing examiner, and subsequently the Secretary as the ultimate factfinder, *see Fitz v. Intermediate Unit No. 29*, 43 Pa. Commonwealth Ct. 370, 403 A.2d 138 (1979), failed to resolve this crucial issue by adequate findings. Normally, such a failure requires a remand. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975); *Scranton Garment Co. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 190, 381 A.2d 210 (1977). Where, however, an issue admits of only one solution, a remand to

the factfinder serves no purpose and is unnecessary. *See, e.g., Sears, Roebuck & Co. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). Since here the issue turns solely on the meaning of the Secretary's letter, a question of law, this court may decide the issue directly on appeal.

Our review of the letter persuades us that it represents an approval of CCDS's program for exceptional children. The letter indicates that the Secretary believed that CCDS's program met all the standards for approval and specifically states that "[t]he Community Country Day School *is granted approval* as an approved private school. . . ." (Emphasis added.) With respect to the provisos, they appear to be merely admonitions to obey the law governing approved private schools and not specific steps CCDS had to take in order to gain approval.

The Department contends, however, that, even if the letter were an approval, nevertheless it was issued in error and is therefore a nullity. While there is no question that an administrative agency is not prevented or estopped from *prospectively* correcting an error it has made, *see Kellams v. Public School Employes' Retirement Board,* 38 Pa. Commonwealth Ct. 101, 391 A.2d 1139 (1978); *Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board,* 31 Pa. Commonwealth Ct. 151, 375 A.2d 863 (1977); *Whitford Liquor License Case,* 166 Pa. Superior Ct. 48, 70 A.2d 708 (1950), we have found no authority for the Department's contention that an agency's error is void ab initio.

Since we hold that CCDS was approved by the Secretary on July 2, 1975, CCDS is eligible for tuition reimbursement for the 1975-76 school year but only for those exceptional children who were placed at CCDS with the approval of the Secretary as required by Sec-

tion 1376 of the Code. *See Savka v. Department of Education,* 44 Pa. Commonwealth Ct. 62, 403 A.2d 142 (1979); *Levy v. Department of Education,* 41 Pa. Commonwealth Ct. 356, 399 A.2d 159 (1979). Therefore, we will remand the case to the Secretary for the computation of the amount owed and, if needed, the taking of additional testimony to provide the information required for payment. We also recognize CCDS's right to appeal any adverse computation, pursuant to the Administrative Agency Law, 2 Pa. C.S. §§501-508, 701-704. *See* Section 1376(a) of the Code; 22 Pa. Code §171.19(f).

Remaining is the validity of the Secretary's order refusing to grant CCDS approval as a private school. In view of our holding that CCDS was approved on July 2, 1975, we shall treat the Secretary's order as a revocation of the prior approval for violations of the Department's regulations.

At the time of the April 1976 evaluation, the only regulations published in the Pennsylvania Code directly pertaining to education for exceptional children and approved private schools were those found at 22 Pa. Code §13.1 et seq. Of these, only Section 13.14(b) set forth the requirements for an approved private school, which are as follows:

(b) Approved private schools shall meet the following standards:

(1) Licensed or accredited by the appropriate state board or state recognized accrediting agency.

(2) Approved in accordance with such standards and procedures as necessary to insure compliance with law and these regulations.

(3) Reapproved at least every three years by the Secretary of Education.

The Department had also published its own *Standards for the Operation of Special Education Pro-*

*grams and Services,* effective October 2, 1972. These standards outlined detailed eligibility requirements for approved status and were specifically utilized by the hearing examiner in denying CCDS approval. CCDS argues, however, that any Department action taken on the basis of these standards was invalid since the standards were not properly promulgated in accordance with the Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §1101 et seq.[1] We agree.[2]

It is well settled that regulations not promulgated pursuant to the Commonwealth Documents Law have no force or effect and may not form the basis of an agency's action. *Centennial School District v. Secretary of Education,* 31 Pa. Commonwealth Ct. 307, 376 A.2d 302 (1977); *Newport Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 317, 332 A.2d 568 (1975); *see* Section 208 of the Commonwealth Documents Law, 45 P.S. §1208. The Department does not deny that it failed to comply with the Commonwealth Documents Law when it issued the standards; rather, it argues that, since CCDS had actual notice of the standards, the defect was cured. It is true that, at the time of this controversy, Section 503 of the Commonwealth Documents Law[3] provided that a document required

---

[1] Formerly entitled the Commonwealth Documents Law, the title was repealed by Section 7 of the Act of July 9, 1976, P.L. 877, 45 Pa. C.S.A. Appendix. For reference purposes, the former title will be retained in this opinion.

[2] The Department's contention that CCDS failed to preserve this issue for appeal is meritless. While CCDS did not raise the issue in its application for rehearing or reconsideration filed with the Secretary *after* his final order, CCDS did raise the issue in its amended answer to the Secretary's show-cause order and in its petition for review with this court.

[3] *Formerly* 45 P.S. §1503, repealed by Section 7 of the Act of July 9, 1976, P.L. 877, 45 Pa. C.S.A. Appendix. A similar provision is now found in 45 Pa. C.S. §903.

to be published by the Documents Law was effective against a party who had actual knowledge of it, even though it had not yet been published. The Documents Law distinguishes, however, between the effectiveness of regulations filed with the Legislative Reference Bureau, but not yet published, and regulations that have not been filed at all. *Cf.* Sections 208, 409,[4] and 503 of the Commonwealth Documents Law. The former regulations are effective only if a party has actual knowledge of them. *See* Section 503. The latter are invalid for all purposes.[5] *See* Section 208. Since here there is no indication that the Department filed its standards with the Legislative Reference Bureau or complied with any other requirement of the Commonwealth Documents Law, the Secretary erred in revoking CCDS's approval based upon violations of the 1972 standards.

The Department argues, however, that the revocation is still valid since the hearing examiner also found that CCDS had violated the Department's duly promulgated "Standards for Approved Private Schools," at 22 Pa. Code §171.11 et seq. The answer to this assertion is that these regulations were promulgated on July 16, 1976, *one day after the Secretary's showcause order*. We fail to perceive how CCDS could violate regulations that were nonexistent at the time CCDS was evaluated.[6]

---

[4] *Formerly* 45 P.S. §1409, repealed by Section 7 of the Act of July 9, 1976, P.L. 877, 45 Pa. C.S.A. Appendix. A similar provision is now found in 45 Pa. C.S. §722(c).

[5] The Department's reliance on *Commonwealth v. Katzenberg*, 241 Pa. Superior Ct. 391, 361 A.2d 731 (1976), for a contrary holding is misplaced, since the Superior Court did not consider the interrelationship of Sections 208, 409, and 503 in reaching its conclusion.

[6] Although administrative agencies may, in some instances, promulgate regulations that apply retroactively, the intent to do so must appear clearly and unequivocally on the face of the regulations.

In absence of both sets of standards, the only remaining regulatory base upon which the Secretary could revoke CCDS's approval was the requirements of 22 Pa. Code §13.14(b). The show-cause order, however, did not allege, nor did the hearing examiner find, that CCDS violated these provisions.

With the elimination of the possible regulatory violations,[7] all that remains is the Department's allegation that CCDS has a sectarian oriented curriculum and thus any state reimbursement of CCDS would violate both the establishment clause of the United States Constitution and Article III, Section 15, of the Constitution of Pennsylvania. Section 15 provides: "No money raised for the support of the public schools of the Commonwealth shall be appropriated to or used for the support of any sectarian school."

There is no question that the discovery by the Department of a possible excessive entanglement with religion would justify the Secretary's revocation of CCDS's approval, since it is incumbent upon state agencies to comply with federal and state constitutional mandates. The Secretary, however, failed to make critical findings on the scope of the alleged entanglement sufficient for us to resolve the complex issues raised by such a constitutional inquiry. *See, e.g., Lemon v. Kurtzman,* 403 U.S. 602 (1971); *Springfield School District v. Department of Education,* 483 Pa. 539, 397 A.2d 1154, *appeal dismissed,* 99 S.Ct. 3091

*Romig Unemployment Compensation Case,* 183 Pa. Superior Ct. 366, 132 A.2d 721 (1957); *Jenkins Unemployment Compensation Case,* 162 Pa. Superior Ct. 49, 56 A.2d 686 (1948). No such intent is present here.

[7] The Department also contends that the Secretary could disapprove CCDS solely on the basis of whether CCDS had a "quality" program, a criterion *inferred* from the statutory provisions pertaining to the education of exceptional children. This argument is without merit.

(1979). Therefore, a remand is required.[8] *Page's Department Store, supra; Scranton Garment Co., supra.* In doing so, we note that nothing prevents the Secretary from reevaluating CCDS, utilizing the requirements of 22 Pa. Code §171.11 et seq., and instituting a new action if the evaluation reveals violations.

Accordingly, we enter the following

### ORDER

AND NOW, this 12th day of May, 1980, the order of the Secretary of Education, dated June 20, 1977, is vacated, and the case is remanded to the Secretary of Education for further proceedings not inconsistent with this opinion.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.

---

[8] A finding, on remand, of excessive entanglement would not necessarily preclude reimbursement for CCDS's 1975-76 tuition expenses. *See Lemon v. Kurtzman,* 411 U.S. 192 (1973).