Gerald T. Silvio and Carol A. Silvio, parents and natural guardians of Melissa Silvio, a minor, Petitioners *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued October 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Mark J. Goldberg, Goldberg & Wedner, P.C.,* for petitioners.

*Ernest N. Helling,* Assistant Attorney General, with him *Michael A. Davis,* Assistant Attorney General, Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 20, 1982:

Melissa Silvio, an eight-year-old hearing impaired person, who resides with her parents in the School District of Pittsburgh, had been attending DePaul Institute, an approved private school for hearing impaired children, from the time her impairment was discovered when she was about three years old. Her attendance at DePaul has been publically funded. When Melissa attained the school attendance age of six years, the school district, after a review of her case records kept by DePaul, determined that an appropriate program would be her attendance at the district's Beechwood School, an elementary school having special programs for hearing impaired children. Melissa's parents, the appellants here, objected to the proposed placement, believing that Melissa was making good progress in her ability to speak and understand speech at DePaul and that the district should so provide. They asked for and were accorded the due process hearing provided for at 24 Pa. Code §13.31. After five days of hearings which produced almost eight hundred pages of testimony, the hearing officer filed a report containing findings and a recommendation to the Commonwealth Secretary of Education that the program proposed by the district for Melissa, her placement at Beechwood, was appropriate. On appeal, the Secretary of Education agreed with the hearing officer's recommendation but by imposing upon the district the duty to provide Melissa with a program which would concentrate on her oral development.

This case is almost identical on the facts with the case of *Savka v. Department of Education,* 44 Pa. Commonwealth Ct. 62, 403 A.2d 142 (1979) and many of the appellants' objections to the placement of their daughter in the public school system are the same as those made and disposed of adversely to the parents' positions in that case. In this category of complaint is

the appellants' contention that the school district should have made its own evaluations instead of relying on records obtained from DePaul, dismissed in *Savka* on the ground that the petitioners cited no authority prohibiting this practice and the fact that under existing regulations the appellants could have requested a fresh evaluation and did not do so. The same circumstances obtained in this case. In the same stead is the appellants' argument that the records on which the placement determination was made were outdated. The State Board of Education regulations at 22 Pa. Code §13.31(c) requires that an exceptional person must be evaluated not less than every two years or annually at the request of the parents. No request for an annual evaluation was made by Melissa's parents so that question is solely that of whether the evaluations here used were more than two years old. The school district relied on the psychological, audiological and educational tests made at DePaul in March and November of 1977. Since the placement at Beechwood was made in May, 1978, the evaluation was conducted within two years and therefore was not outdated. In *Savka* the same determination with respect to evaluation was made somewhat closer to the date of placement.

The appellants also complain that they were denied an impartial hearing because the hearing officer was a professor at Slippery Rock State College and therefore, as they term it, an employee of the Secretary of Education. In *Savka*, we held this issue to have been waived for failure of the parents to object to the hearing officer's conducting the hearing; here an objection was made. We reject the appellants' thesis on the merits of this case. The only regulation on the subject is that found at 22 Pa. Code §13.32(12) which states that the hearing officer should not be an officer, employee or agent of the school district or inter-

mediate unit in which the exceptional child resides. In recent cases we have held that due process principles were not violated when the attorneys for the same agency appeared in different roles in an employee demotion proceeding, since functions performed by the attorneys were different and there was no actual prejudice. *Miller v. Department of Transportation*, 59 Pa. Commonwealth Ct. 446, 429 A.2d 1278 (1981). We have also held that no improper commingling of adjudicatory and prosecutory functions occurred when one assistant state attorney general served as a hearing officer and another prosecuted, an insurance licensure case. *Romano v. Pennsylvania Insurance Commission, William J. Sheppard and the Pennsylvania Insurance Commission*, 45 Pa. Commonwealth Ct. 19, 404 A.2d 758 (1979). The hearing officer in this class of case does not have final adjudicatory authority; he simply hears the evidence and makes recommendations to the Secretary. Furthermore, the hearing officer here, a professor at Slippery Rock State Teachers College, could hardly be said to be subject to the influence of the Secretary of Education merely because both are functionaries of the Department of Education. Finally, on this subject, a fair reading of this record reveals that the hearing officer's rulings were if anything overly favorable to the appellants. For instance, on the motion of their counsel, the hearing officer sequestered the witnesses although most of the testimony was of a highly technical nature based upon special competence of the witnesses in teaching the hearing impaired. Also, the examiner patiently considered the appellants' counsel's numerous objections to evidence proffered by the school district and in close rulings seems to us to have inclined toward exclusion rather than admission. There was neither bias nor the appearance of bias in the conduct of the hearing.

The appellants' principal contention is that the Secretary's conclusion that Beechwood is an appropriate place for Melissa to attend school is not supported by the evidence. The appellants' counsel writes in his brief that the issue before us is whether there was a preponderance of evidence to support the determination that the Beechwood School had an appropriate program for Melissa. This is much wide of the mark. It is true that the school district had the burden to show the appropriateness of the proposed placement of Melissa at Beechwood. 22 Pa. Code §13.32(15). Our review of this appeal from the Secretary's order, as in every agency appeal, is not to determine whether the order in favor of the party having the burden below is supported by a preponderance of the evidence but whether the agency's findings upon which its order was based are supported by substantial evidence. Our careful examination of this long record convinces us that the evidence supporting the findings and the decision below are amply supported by the record.

The Director of the Division for Exceptional Children of the School District of Pittsburgh testified that upon Melissa's attaining school age, he and his staff reviewed the Individualized Educational Program developed for her at DePaul and concluded that the program at the district's Beechwood Elementary School would be appropriate, and would further have the advantage of being less restrictive than the program at DePaul.

The supervisor of the program for hearing impaired children in the Pittsburgh schools, formerly a classroom teacher of the hearing impaired at Beechwood, testified that there are two classrooms set aside at Beechwood exclusively for the education of hearing impaired children; that there are seven hearing impaired children in the Beechwood program; that there are two teachers who work on an individual basis with

the seven pupils, one full time, the other more than half time; that there are available to serve hearing impaired students a speech therapist, a person trained in sign language, and other specialists; and that the hearing impaired children are partially mainstreamed, that is, that they attend classes with nonexceptional children in art, gym, library, and mathematics.

The speech and language specialist for the hearing impaired, whose duty for the school district is that of visiting schools attended by hearing impaired students and to help its children with their speech and language, testified that he spent some 25 to 30 per cent of his week at Beechwood working individually with seven students there attending.

An audiologist employed by the school district testified that she calls on the students at Beechwood regularly and there inspects the amplification of each of their personal hearing aids and of the classroom amplification system, consults with the children's parents and performs periodic ear testing of her charges.

The full time teacher of the hearing impaired children at Beechwood described her daily regime in the classroom and during her charges' attendance at other classes. She recounted her responsibility for preparing education programs for each of the children and for consulting with the parents, an event that sometimes happens daily. As we have mentioned, this evidence, of which the foregoing is a very sketchy description, since each of the witnesses was minutely cross-examined by the appellants' counsel, clearly provides ample evidence for the findings upon which the conclusion that Beechwood's program was appropriate was based.

Consideration of the appellants' evidence brings us to the nub of this case, the appellants' no doubt sincere belief that the school district's basic method of teaching the hearing impaired is wrong, at least for

their daughter, and that a different basic method used by DePaul and espoused by DePaul instructors is the only proper means of teaching the hearing impaired. Their support for this thesis consisted principally of the testimony of DePaul instructors that their system was better generally for Melissa than any other.

There are in fact three recognized basic methods of teaching the hearing impaired: verbal-tonal, oral-aural and total communication. Of the three, only the oral-aural method used at DePaul eschews signing, that is, manual communication. Both the verbal-tonal and total communication methods use signing. The Beechwood School employs the total communication method which uses all methods including, but not to the exclusion of any other means, the use of signing. For instance, at Beechwood, when the hearing impaired children are placed in classrooms with nonexceptional children, a manualist stands at the front of the room and signs what transpires in speech between the teacher and the students. The appellants, supported by their expert witness, believe that Melissa's progress in understanding and speaking which she has achieved at DePaul will be impeded by her being exposed to signing. On the other hand, the experts produced by the school district are of the belief that signing will not impede Melissa's speaking and further that her association with nonexceptional children, not available at DePaul, will improve her ability to communicate with others, including orally. The case therefore presents to some degree a clash of philosophies among experts in the field, with respect to which we have no disposition, if we had the power, to overturn the conclusions, based on ample evidence, reached by the school district and upheld by the Secretary of Education. We add in this aspect of the case that the Secretary's decision is consistent with the order of preference for educational placement for handicapped school

age persons set forth in 22 Pa. Code §13.11(d) which accords a special educational program conducted in a regular school second in order of preference only to attendance in a regular class in a regular school. Attendance at an approved private school indeed is ranked sixth of the nine categories thus evaluated.

The appellants pose five additional questions, all insubstantial, which we shall address briefly. First, they contend that Melissa's placement in Beechwood was inappropriate because the district failed to prove that its special educational program had been approved by the Department of Education as required by statute and regulation. While the district bore the burden of showing that its placement of Melissa was proper, it was not required to prove it had complied with every requirement of law and rule regulating the conduct of its affairs in the absence of any suggestion much less proof that it was in fact in default.

Second, the appellants say that the hearing examiner's order made preliminary to the hearing prejudged the asserted issue of whether the placement of Melissa at Beechwood was from a more to less restrictive environment. In fact, the preliminary order merely noted that a transfer from a private school teaching only hearing impaired to a public school teaching both exceptional and unexceptional children is by definition a transfer from a more to a less restrictive environment—a circumstance clearly established by regulation 22 Pa. Code §13.11(d).

Third, the appellants contend that Beechwood personnel were not provided in-service training as required by 22 Pa. Code §341.57(d). The record shows that training sessions were in fact conducted at Beechwood although not all of the staff attended.

Fourth, the appellants argue that the district failed to show that Beechwood was an appropriate placement because there was no proof presented regarding am-

bient noise levels in the hearing impaired classrooms. The Secretary found that although the district did not establish exact ambient noise levels, its evidence sufficiently showed that the ambient noise levels were appropriate. The classrooms were carpeted to deaden extraneous noises and group amplification equipment and phonic ear microphones further reduced outside noises and produced adequate ambient noise levels. In addition, the district's audiologist testified to monitoring sound in the classrooms.

The appellants contend that the district failed to show that the composition of the class of hearing impaired students at Beechwood was appropriate. In fact, the evidence shows that the other children at Beechwood were similar in age, hearing loss and intellectual capacity to Melissa.

Order affirmed.

### ORDER

AND Now, this 20th day of January, 1982, the order of the Secretary of Education is affirmed.

Judge PALLADINO did not participate in the decision in this case.