Frank Shappell for Sharon Shappell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

642

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Lorenzo W. Crowe, Jr.,* for petitioner.

*William D. Lenahan,* Assistant Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, June 2, 1982:

Claimant,[1] Sharon Shappell, is a 32 year old who is totally dependent upon her parents. She has been a

---

[1] Frank Shappell father of Sharon has acted throughout this appeal on behalf of his daughter who is physically and medically unable to testify in her own behalf.

victim of cerebral palsy since her birth. In May of 1980, Claimant was hospitalized for a serious medical problem which required surgery. Following that operation, Claimant began feeding on "Complete B", a commercially prepared food supplement in puree form. When she returned home she was given a combination of home formula and commercially made Complete B. Complications set in and Claimant returned to the hospital where she was again fed Complete B. This time, when she returned home, her father fed her Complete B until he felt he could no longer afford it, whereupon he applied to the Medical Assistance Unit of the Northampton County Board of Public Assistance (CBPA) for a program exception to Department of Public Welfare (DPW) regulations[2]

---

[2] 55 Pa. Code, §1101.32(c) reads as follows:

*Program exceptions.* Exceptions shall be as follows:

(1) The Department will, under extraordinary circumstances, pay for an exceptional type of medical service or item that is more elaborate than one for which the Medical Assistance program has an established fee. If a practitioner feels that lack of such a service or items would jeopardize the recipient's health he may either give the recipient the prescription or order to take to the CAO, or send the prescription or order to the CAO by mail. If the recipient would otherwise be eligible for the service or item, the CAO will forward a Form PA 235 (Request for Approval) to the practitioner to be completed and returned. This form must be completed in detail in order for the request to be considered.

(2) The CAO will forward the prescription or order along with the pertinent information and recommendations to the Office of Medical Assistance where it will be reviewed by the Department's medical consultants. The Office of Medical Assistance will notify the CAO in writing of its decision. If the request is approved, the Office of Medical Assistance will forward a Form PA 48 (Authorization for Services and Supplies) to the CAO to be given to the recipient. If the request is denied, the Office of Medical Assistance will notify the CAO, which will in turn, notify the recipient

to permit compensation for Complete B. This request was forwarded to the Bureau of Policy and Program Development Office of Medical Assistance of DPW which denied the program exception requested by Claimant. Claimant appealed that ruling to the CBPA. A hearing was conducted, and on January 15, 1981 the hearing officer denied Claimant's appeal. Claimant filed a request for reconsideration on February 6, 1981, but that request was denied as untimely filed.[3]

Both parties agree that Complete B is a non-compensable medical expense, therefore the only question left for our disposition is whether DPW abused its discretion in excluding from coverage Complete B by denying a program exception under 55 Pa. Code §1101.32(c). Evidence admitted at the hearing indicated that both Claimant's physician and the dietary unit of the hospital where she had been treated indicated that Complete B was *preferable* to home blended puree. DPW's physician testified that while Complete B was more *convenient,* it was not medically necessary for the Claimant's physical maintenance.

in writing giving the reason for the denial. The regulation requiring a decision on requests for prior authorization within 21 days does not apply to requests for exceptions.

[3] Claimant's brief indicated that this appeal was from a denial of reconsideration by DPW as well as an appeal from the DPW adjudication. At oral argument, Claimant indicated to us that the appeal was limited to the adjudication. We note, that Section 507 of the Administrative Agency Law provides that: "All adjudications of a Commonwealth agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties *or* their counsel personally, or by mail." 2 Pa. C. S. §507 (emphasis added). Claimant does not dispute that she was informed by letter on January 15, 1981 of the adjudication by DPW. Her counsel contends however, that he was not aware of the action of DPW until January 29, 1981. Notice to counsel is not required under Section 507 and therefore the ruling of DPW concerning the untimeliness of the motion for reconsideration was correct.

Title XIX of the Social Security Act, 42 U.S.C. §§1396a-1396i established the Medical Assistance Program to provide help for needy persons in participating states. The Commonwealth of Pennsylvania is participating and its medical program is administered by DPW pursuant to Sections 441.1-451 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. §§441.1-451. Those states participating in this federally funded program "must administer their programs in conformity with certain federal statutory and regulatory guidelines." *Marsh v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 216, 218, 409 A.2d 926, 927 (1979). As stated in *Marsh,* states are not required to fund every medical procedure. "They have broad discretion in setting standards for determining the extent of medical assistance to be provided. The standards, however, must be reasonable and must be consistent with the objectives of Title XIX." *Id.* at 218, 409 A.2d at 927. *Roe v. Casey,* 464 F. Supp. 487 (E.D. Pa. 1978) explains what medical services a state must provide for those unable to afford them. The reasoning of the court in *Roe* was adopted by our Court in *Marsh.* We continue to adhere to this reasoning as stated in *Roe:*

> We find that the clear meaning of [42 C.F.R. §449.10(a)(5)(i)] implementing Title XIX require[s] the states to provide at least the *minimum necessary medical services* required for the successful treatment of the particular medical condition presented. We find, further, that these implementing regulations while *permitting states* to *exclude* or limit some *unnecessary medical services* if *in its discretion* it chooses to do so, flatly prohibit a state from excluding entirely or limiting below the minimum treatment required any category or type of necessary

medical services except for reasons either not relating to, or in addition to, the diagnosis, type of illness or condition. (Emphasis added.)

464 F. Supp. at 501.

In the instant case, we find DPW acted properly within its discretion when it denied Claimant's request for a medical assistance regulation program exception to compensate her for the expense of Complete B processed food. DPW's decision was both reasonable and consistent with the objections of the Social Security Act.

Claimant relied on the fact that her attending physician and hospital dietician recommended Complete B over a home formula. Claimant also contended that the home formula was not as nutritious as the commercially made formula and that the home formula, prepared in a blender, may cause problems in swallowing if large particles of food are not adequately pureed.

On the other hand, DPW argued that Complete B contains no digestive aids not found in natural foods which could be pureed at home and that this natural food formula would be better than or equally as good as the commercially prepared formula. DPW maintained that although Complete B may be a more convenient or even desirable formula, it was not medically necessary nor would the home formula jeopardize Claimant's health. DPW concluded, therefore, that this item was not worthy of a medical program exception. We agree.

Claimant did not present any medical evidence to show that the home formula would not be as beneficial to her as Complete B. Although Complete B was recommended for Claimant as *"preferable* to pureed food,'' Claimant was never told it was a *necessary* item to her physical well being. Claimant has not presented any medical evidence to indicate that any of her physical problems stem from her ingestion of the

combination home formula and Complete B mixture that her parents have been feeding her. DPW has not refused Claimant "the minimum necessary medical services required for the successful treatment of the particular medical condition presented." *Roe,* 464 F. Supp. at 501. The Supreme Court of the United States in interpreting Title XIX of the Social Security Act stated:

Although serious statutory questions might be presented if a state medicaid plan excluded necessary medical treatment from its coverage, it is hardly inconsistent with the objectives of the Act for a state to refuse to fund *unnecessary*— though perhaps desirable—medical services. (Emphasis in original).

*Beal v. Doe,* 432 U.S. 438, 444-45 (1977).

As a result, we find that DPW has not abused its discretion by affirming the hearing officer's denial of compensation to Claimant for the use of Complete B.

### Order

It is ordered that the Orders of the Department of Public Welfare dated January 5, 1981 and February 17, 1981, case number 46028-J, are hereby affirmed.

Judge MENCER did not participate in the decision in this case.