Candido Rabino, Petitioner v. State Registration Board for Professional Engineers, Respondent.

Submitted on briefs in Special Summer Session to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Walter K. Swartzkopf, Jr.,* for petitioner.

*Glenn R. Davis,* Assistant Counsel, with him *James J. Kutz,* Assistant Counsel, *David F. Phifer,* Chief Counsel, and *Jay Waldman,* General Counsel, for respondent.

OPINION BY JUDGE BLATT, September 28, 1982:

Candido Rabino (petitioner) appeals here from a decision of the State Registration Board for Professional Engineers (Board) denying him a license as a professional engineer.

The petitioner received a Bachelor of Science Degree in Civil Engineering from Feati University, located in Manila, Philippine Islands in July of 1965. He has been working in the engineering arena for 16 years, the last nine of those while living in the United States. On or about November 13, 1975 he filed an application for licensure and registration with the Board, and was informed that he would have to take and pass two written examinations. He then passed the examination in civil engineering, but failed the engineer-in-training examination. His four subsequent attempts to pass the latter have also resulted in failure.

Subsequently, he sought to gain licensure and registration under the "grandfather clause" of Section 151(b)(3) of the Professional Engineers Registration

Law (Law)[1] which requires that the applicant be of good character, at least 25 years of age and possess the ability to speak and write the English language. It is undisputed that he has met these criteria. In addition, however, this section also requires evidence of engineering competence by a showing, *inter alia*, of graduation from an accredited engineering school. Feati University has never been approved by the Board as an educational institution within the meaning of the statute, and so the Board issued a letter to the petitioner again refusing to license him, this time on the grounds that he has not only failed to pass the written examinations required but that he cannot be "grandfathered" because of the unapproved status of Feati University. A formal hearing was then requested and held to determine whether or not the petitioner could meet his burden of proof in showing Feati to be an approved institution and the Board found that he had so failed to carry the burden and again refused to license him. This appeal followed.

Our scope of review is, of course, limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or the necessary findings were supported by substantial evidence.[2] The facts in this matter are not in dispute.

The petitioner argues that the Board's policy of approving schools based on their rating from the National Council of State Boards of Engineering Examiners (NCEE) violates the provisions of 45 P.S. §1201-08,[3] (formerly known as the Commonwealth

---

[1] Act of May 23, 1945, P.L. 913, *as amended*, 63 P.S. §151(b)(3).

[2] Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *See also, Reisinger v. State Board of Medical Education and Licensure*, 41 Pa. Commonwealth Ct. 553, 556, 399 A.2d 1160, 1162 (1979).

[3] The Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, repealed in part by Section 7 of the Act of July 9, 1976,

Documents Law) which requires the Board to follow certain notice and hearing requirements in promulgating administrative regulations.[4]

NCEE approval, however, is not the exclusive method of accrediting a college or university. Rather, Section 151(a) of the Law grants broad general powers to the Board to approve a school if the quality of its curriculum is satisfactory.[5] The petitioner here had ample opportunity to establish the qualifications of Feati University but was unable to do so. Even assuming arguendo that the Board's policy of following NCEE ratings was a rule or regulation, it was clearly not the *sole* means of approval, so the petitioner has not met his burden of proof.[6]

The petitioner has also advanced a generalized equal protection argument, alleging that the actions of the Board have discriminated against him by arbitrarily classifying approved schools in direct violation of the

---

P.L. 877, 45 P.S. §§1101-1208. A similar act will be found at 2 Pa. C. S. §104.

[4] Petitioner also cites *Community Country Day School v. Department of Education*, 51 Pa. Commonwealth Ct. 286, 414 A.2d 428 (1980), in support of this argument. The case is distinguishable. In *Community Country Day School*, the agency in question had issued another set of standards informally *after* officially promulgated regulations had already been adopted.

[5] Section 151(a) of The Professional Engineers Registration Law, 63 P.S. §151(a).

[6] Even though we cannot find a violation of administrative due process here, a reading of the Pennsylvania Code reveals that many of the State Boards charged with regulating the various professions have adopted formal regulations concerning the accreditation of universities and training programs. See 49 Pa. Code §5.4 (Chiropractic Examiners), §13.22 (Funeral Directors), §17.12, .63 (Medical Education and Licensure), §21.31 (Nursing Examiners), §23.51 (Optometrical Examiners), §27.41, .52 (Pharmacy). Specific rules from the Board pertaining to these matters may be the wise and prudent road to follow in the future.

United States Constitution.[7] While it is true, however, that the right to practice a profession has been characterized as a property right and therefore carries the attendant constitutional protections, *Schware v. Board of Bar Examiners*, 353 U.S. 232 (1957), it is equally true that there is no absolute, vested right to practice a profession. Licensure can legitimately be required under a state's inherent police power, that is, the state's right to regulate for the benefit of its citizen's health, safety, morals, and welfare. *Watson v. Maryland*, 218 U.S. 173 (1910). Equal protection does, however, mean that the law in question must have a rational relationship to a permissible state objective[8] and must not be applied in an arbitrary, unreasonable, or discriminatory fashion. In short, the law must be applied with the twin goals of uniformity and fairness. Yet the petitioner here has not offered any evidence as to the alleged unreasonableness of the denial, and it appears that the Board has made a good faith effort to review his qualifications, including the curriculum at Feati University, yet he still has not been able to convince the Board that he has met all the requirements for licensure. Moreover, as to the concept of uniformity, there is no evidence to show that the petitioner has been the victim of any invidious discrimination and the record simply does not support his view that he was denied a license solely because of his foreign training. Other foreign schools have been accredited by the NCEE and approved by the Board, and their graduates have been licensed.

---

[7] U.S. CONST. amend. XIV, §1.

[8] There is no fundamental right to a professional license, therefore strict scrutiny does not apply. *McCoy v. State Board of Medical Education and Licensure*, 37 Pa. Commonwealth Ct. 530, 391 A.2d 723 (1978). *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307 (1976). Nor is this a case involving discrimination against a suspect class. *Barrows v. Jackson*, 346 U.S. 249 (1953).

For the foregoing reasons, the decision of the Board is affirmed.

ORDER

AND Now, this 28th day of September, 1982, the order of the State Registration Board for Professional Engineers in the above-captioned matter is affirmed.