**Barry B. Baker, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.**

Argued September 9, 1985, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Thomas F. Meister,* for petitioner.

*William D. Lenahan,* with him, *Mary Frances Grabowski,* Assistant Counsel, and *Jean E. Graybill* and *John Kane,* for respondent.

OPINION BY JUDGE DOYLE, December 24, 1985:

Barry B. Baker (Petitioner) appeals the order of the Department of Public Welfare (DPW) which affirmed a hearing officer's determination denying Petitioner's request of medical assistance.

Petitioner is a Medicaid recipient who suffers from morbid obesity and from paralysis of his right side as a result of a stroke. On January 22, 1984, Petitioner's treating physician submitted a request to the Department's Program Exception Unit[1] for a "wheelchair

---

[1] The Program Exception Unit was established to review requests for program exceptions under Section 1101.32(c)(1) of the Medical Assistance Manual, 55 Pa. Code §1101.32(c)(1), which provides that "[t]he Department will, under extraordinary circum-

adequate to accommodate a 500 lb. male'' to allow Petitioner ''to sit up and to be moved from room to room.'' Petitioner's request was denied by DPW's Program Exception Unit, and an administrative appeal was taken.

At the hearing, DPW's witness, Dr. O. K. Stevenson testified that Petitioner's request was denied because it did not satisfy the criteria established by DPW for the granting of a program exception request. These criteria stated as follows:

1. The Recipient is eligible, and not in an institution.

2. Lack of the requested service or item will result in serious harm to the individual.

3. The case must be truly exceptional; the exception process cannot be used as a back door to program expansion, for example, paying for speech therapy, occupational therapy, etc.

4. The item may be reasonably expected to improve the patient's condition.

5. No alternative is available in the fee schedule. This does not mean that the covered alternative must be as up-to-date or efficient or 'state-of-the-art' as the requested item.

6. The item or service is not experimental.

Dr. Stevenson stated that Petitioner's request was denied because it failed to meet the second, fourth, and fifth criteria in that the lack of a wheelchair would not result in serious harm to the Petitioner, that a wheelchair would not improve the Petitioner's condition, and that a ''walker'' would be a feasible and more practical alternative. Petitioner offered evidence that his paralysis prevented him from using a

---

stances, pay for an exceptional type of medical service or item that is more elaborate than one for which the Medical Assistance program has an established fee.''

walker, and that a wheelchair was therefore necessary for his physical and mental health. After hearing the evidence, the Hearing Officer ruled in favor of DPW and denied Petitioner's appeal, finding that Petitioner had not satisfied the established criteria for the granting of a program exception. The decision of the Hearing Officer was affirmed by the Director of Hearings and Appeals, and after Petitioner's request for reconsideration was denied, appeal to this Court followed.

On appeal to this Court Petitioner argues that DPW erred in basing its decision upon its criteria because they were not filed or adopted pursuant to the requirements of the Commonwealth Documents Law (Law).[2]

It is clear that a regulation is ineffective unless it has been formally adopted pursuant to Sections 201 to 205 of the Law.[3] In addition, a regulation which has not been filed with the Legislative Reference Bureau pursuant to Section 207 of the Law[4] is not valid for any purpose and may not form the basis of an agency's decision. Section 208 of the Law,[5] *Community Country Day School v. Department of Education,* 51 Pa. Commonwealth Ct. 286, 414 A.2d 428 (1980); *Centennial School District v. Secretary of Education,* 31 Pa. Commonwealth Ct. 307, 376 A.2d 302 (1977).

DPW readily admits that its internal criteria upon which it based its decision were not filed or adopted

---

[2] Act of July 31, 1968, P.L. 769, *as amended;* 45 P.S. §§1102-1602. Section 101 of this act, establishing the short title as the "Commonwealth Documents Law," was repealed by Section 7 of the Act of July 9, 1976, P.L. 877. For purposes of this opinion, however, we will continue to refer to the act as the Commonwealth Documents Law. *See Pennsylvania Human Relations Commission v. Norristown Area School District,* 473 Pa. 334, 337, n.4; 374 A.2d 671, 673 n.4 (1977).

[3] 45 P.S. §§1201-1205.

[4] 45 P.S. §1207.

[5] 45 P.S. §1208.

pursuant to the Law. It argues, however, that the criteria were not regulations, but general policy guidelines which are not subject to the Law's requirements.

The distinction between "statements of policy" and "regulations" has most recently been considered by our Supreme Court in *Lopata v. Unemployment Compensation Board of Review,* 507 Pa. 570, 493 A.2d 657 (1985) which stated:

> A properly adopted substantive rule establishes a standard of conduct which has the force of law. . . . The underlying policy embodied in the rule is not generally subject to challenge before the agency.
>
> A general statement of policy, on the other hand does not establish a 'binding norm'. . . . A policy statement announces the agency's tentative intentions for the future.

507 Pa. at 575, 493 A.2d at 660, *quoting Pennsylvania Human Relations Commission v. Norristown Area School District,* 473 Pa. 334, 350, 374 A.2d 671, 679 (1977).

In the present case, the criteria in question cannot be considered mere statements of general policy. Rather, they completely and unequivocally establish the requirements for the approval of a program exception request. As such they represent a binding rule of law which must be satisfied in full in order to receive a program exception. We must therefore conclude that the criteria constitute regulations which are subject to the filing and adoption requirements of the Commonwealth Documents Law. Since these requirements were not followed, the criteria were invalid and should not have formed the basis for DPW's decision.

Having found the criteria to be invalid, we must still decide whether DPW's decision can be unheld on the basis of its valid regulatory or statutory authority. *See Lopata,* 507 Pa. at 575, 493 A.2d at 660.

The medical assistance program administered by DPW is a federal funded program established by Title XIX of the Social Security Act, 42 U.S.C. §1396a-1396i, and must be administered in conformity with certain federal statutory and regulatory guidelines. *Shappell v. Department of Public Welfare,* 66 Pa. Commonwealth Ct. 641, 445 A.2d 1334 (1982); *Marsh v. Department of Public Welfare,* 48 Pa. Commonwealth Ct. 216, 409 A.2d 926 (1979). While states have broad discretion in setting standards for determining the extent of medical assistance to be provided, the standards must be reasonable and must be consistent with the objectives of Title XIX. *Shappell,* 66 Pa. Commonwealth Ct. at 645, 445 A.2d at 1336. In *Shappell* we concluded that the federal regulation implementing Title XIX requires the states "to provide at least the *minimum necessary medical services* required for successful treatment of the particular medical condition presented." *Id.* (emphasis in original), *quoting Roe v. Casey,* 464 F. Supp. 487, 501 (E.D. Pa. 1978), *aff'd,* 623 F.2d 829 (3rd Cir. 1980).

DPW contends that the criteria relied upon in denying the request were consistent with the requirements of Title XIX and merely implemented the "minimum necessary medical services" standard set forth in *Shappell.* We cannot agree. The criteria relied upon impose additional requirements which, when implemented, provide for less than the required "minimum necessary medical services." Specifically, the criteria require that the lack of the requested item result in "serious harm" to the patient, and that the item be expected "to improve the patient's condition." Even a layman would recognize that there are some instances where an item is medically necessary for the successful treatment of a condition without the item being necessary to prevent "serious harm" to the patient. Similarly, it seems obvious that an item

may be needed for the successful treatment of a patient without it necessarily "improving" the patient's condition, such as in the case where the item is requested simply to prevent further deterioration of the patient's condition.

We must conclude that the criteria established by DPW are not consistent with the requirements of Title XIX, and thus that DPW could not rely upon noncompliance with these criteria to justify the denial of Petitioner's request.

Despite this error, DPW contends that the request was nonetheless correctly denied, arguing that Claimant did not present sufficient evidence to establish that the wheelchair he requested was medically necessary. A review of the adjudication reveals that it contains no findings which could support a conclusion as to whether the wheelchair was medically necessary. The adjudication states, without elaborating, that the Petitioner "did not meet the established criteria." Since, however, we have held that the failure to meet such criteria does not necessarily establish the lack of medical necessity, this finding alone is insufficient to enable meaningful review by our Court.[6] Thus, we must remand for specific findings of fact on this issue.

Accordingly, we vacate the decision of DPW and remand for further proceedings consistent with this opinion.

---

[6] Because of our disposition of this case we need not address Petitioner's claim that the Hearing Officer used the wrong standard of review. For purposes of remand, however, we note that the proceeding before the Hearing Officer constitutes a de novo appeal in which findings of fact should be made on the basis of evidence introduced; it is not simply a review as to whether the Program Exception Unit committed an abuse of discretion. See 55 Pa. Code §275.4(h)(1)(iii).

ORDER

Now, December 24, 1985, the order of the Department of Public Welfare dated September 5, 1984, is hereby vacated and the matter remanded for proceedings consistent with this opinion.